THE PEOPLE OF THE STATE OF NEW YORK ex rel. MURRAY FERSHING, Petitioner, *v.* JOSEPH H. WILSON, as Warden of Great Meadow Prison, Respondent.*

Supreme Court, Washington County, July 21, 1939.

* Revd., 259 App. Div. 957.

*Murray Fershing*, in person.

*John J. Bennett, Jr., Attorney-General [Everett D. Mereness, Assistant Attorney-General,* of counsell, for the respondent.

ROGERS, J. In this proceeding the petitioner asks that the warden comply with section 232 of the Correction Law and place his name upon the list of prisoners eligible to be considered for parole. The prisoner was first sentenced on December 16, 1921, for the crime of burglary, third degree, for a term of seven years. He was released from this sentence on parole May 22, 1926. He committed another felony and was declared delinquent March 26, 1928, owing, as the prison authorities contend, eleven months, eleven days lost commutation, and one year, five months, twenty-four days lost compensation, making a total of two years, five months and five days. The petitioner claims that he did not lose the compensation earned on his first sentence because of his conviction for the second felony; that he has now served the full period for the sentence received on the second felony, if the one year, five months and twenty-four days compensation period is credited to him.

I think the petitioner's contention is correct. The compensation earned on the first sentence when once entered in the warden's books amounted to a reduction of that sentence and was not forfeited by the commission of the second felony. The statute in 1921 (Prison Law, § 230, subd. 3) provided that a prisoner could earn as a reduction of his sentence ten days in every thirty-day period as compensation for efficient and willing performance of duties assigned to him while in prison. Section 236 of the Prison Law provided that while the Prison Board could withhold the compensation as punishment for dereliction of prison discipline that compensation once credited amounted to a reduction of the sentence. Such compensation had the same effect as if the sentence had been pronounced for a lesser term, being the difference between the sentence pronounced and the amount credited as compensation. The State, through the Legislature, made a bargain with the prisoner that if he would efficiently and willingly perform the duties assigned to him his sentence would be reduced every thirty days, and that when he had served the amount of the reduced sentence he would be entitled to his discharge. This was in the nature of a contract, while commutation is simply a favor promised the prisoner and may be taken away from him in the event of his misconduct.

The only question here is, what was the period unserved on his first sentence? The total period of his first sentence was reduced by the amount of compensation earned and credited. By com-

muting the sentence the Governor did not take from him the compensation earned in the event that he committed another felony while on parole. The Governor could not thus indirectly increase the sentence. The Governor could pardon absolutely or conditionally, but inasmuch as the sentence became automatically reduced by the compensation credited, the Governor was acting in regard to a sentence that was only in amount seven years, less compensation credited. The Governor could impose as a condition of commuting him that the prisoner waive the compensation earned and credited, because the Governor could impose any condition which would be binding if accepted by the petitioner. (*People ex rel. Ross* v. *Wilson*, 275 N. Y. 169.)

But the only condition imposed by the Governor related to commutation and not compensation.

It is concluded, therefore, that the term on the first sentence remaining unserved was eleven months and eleven days, instead of two years, five months and five days.

The petitioner has served his time in full. There is no necessity of placing his name on the Governor's list. He should be discharged from prison. The petition may be treated as for a writ of habeas corpus and the prisoner ordered discharged.