George M. Fanelli, J.
In this habeas corpus proceeding, relator seeks his immediate discharge from Sing Sing Prison. The facts, briefly, are as follows: On March 17, 1924, relator was convicted in the County Court of Kings County, as a second offender, of the crime of robbery in the first degree committed on November 30,1920. Upon such conviction, he was sentenced, pursuant to law, to a definite term, or “ straight sentence ” of 40 years, which term would expire on January 26, 1964.
On July 1, 1940, the prison board at Sing Sing Prison, constituting the board provided by the Correction Law for that purpose, submitted to the then Governor, Herbert H. Lehman, a report recommending that relator be allowed as ‘ ‘ Reduction Earned ” a “ Commutation ” of 17 years, 11 months, and 9 days, and “ Compensation ” of 5 years, 6 months and 10 days, or a total of 23 years, 5 months and 19 days, in accordance with the provisions of the Correction Law.
Former Governor Lehman’s warrant, dated July 25, 1940, recites, among- other things, as a condition of relator’s release from prison, that he “ be subject to the jurisdiction and control of the board of parole as provided in article eight of the correction law.”
On July 26, 1940, relator signed an instrument accepting the jurisdiction of the Board of Parole and thereafter was released from prison on parole on August 7, 1940.
Relator remained out on parole for more than 17 years, when, on September 16, 1957, he was taken into custody for alleged violation of parole and was returned to Sing Sing Prison on October 14, 1957, where he is still presently confined after an adverse decision resulting from a hearing on the part of the Board of Parole.
The sole issue presented in this proceeding, while perhaps far-reaching, is, nevertheless, a relatively simple one. The pivotal question upon which this decision hinges is whether relator, as a matter of right, as distinguished from a matter of discretion and grace, is entitled, in reduction of his sentence, to earned credit of 5 years, 6 months and 10 days for ‘ ‘ compensation for efficient and willing performance of duties assigned to him” while confined on said sentence prior to his release *545 on parole on August 7, 1940. If relator’s contention is correct and, giving him additional credit for: (1) parole jail time served by him from September 16, 1957, to October 14, 1957; (2) new time served of 8 months and 23 days — from October 14, 1957, to July 7, 1958; and (3) the new “ compensation ” earned from October 14, 1957, to July 7, 1958, then the conclusion is inescapable that relator would be entitled to his immediate discharge since he has fully served the 40-year term of imprisonment to which he was sentenced. On the other hand, defendant urges that relator has no vested right in the afore-mentioned ‘ ‘ compensation for efficient and willing performance of duties assigned to him” prior to his parole. Defendant takes the position that because of relator’is violation of parole he has forfeited such “ compensation for efficient and willing performance of duties assigned to him ’ ’ and, hence, his term of sentence will not expire until January 26, 1964, and therefore, the writ should be dismissed.
After an examination of section 230 et seq. of the former Prison Law as it existed at the time relator committed the crime for which he was sentenced, the court reaches the conclusion that relator’s contentions are correct. Prior to 1935, a convict in a prison or penitentiary, in addition to being able to earn commutation for good conduct (a matter of grace) was also allowed to earn ‘ ‘ compensation for efficient and willing performance of duties assigned to him ’ ’ while in prison to an extent not to exceed 10 days in any such 30-day period (Prison Law, § 230). This compensation, once earned and credited upon the books of the Warden of the prison, was irrevocable and automatically reduced the prisoner’s sentence accordingly (except for: a violation of disciplinary rules of the prison or penitentiary, Prison Law, § 236; in the event of escape, Prison Law, § 238; or in the event of a conviction of a felony subsequently committed, Prison Law, § 243). Clearly, therefore, a decided distinction existed between commutation and compensation (see People ex rel. Fershing v. Wilson, 174 Misc. 191). This decision was later reversed by the Appellate Division, . Third Department, in May, 1940 (259 App. Div. 957). However, a later decision of the Appellate Division of the same department in July, 1955, indicated that the said reversal was upon other grounds (People ex rel. Jackson v. Morhous, 286 App. Div. 939). The court in the Fershing case (supra, p. 192) stated: “ Such compensation had the same effect as if the sentence had been pronounced for a lesser term, being the difference between the sentence pronounced and the amount *546 credited as compensation. The State, through the Legislature, made a bargain with the prisoner that if he would efficiently and willingly perform the duties assigned to him his sentence would be reduced every thirty days, and that when he had served the amount of the reduced sentence he would be entitled to his discharge. This was in the nature of a contract, while commutation is simply a favor promised the prisoner and may be taken away from him in the event of his misconduct. ’
No question of credit or loss of commutation for good conduct enters into this controversy and none is claimed. Prior to 1935, as the law existed at the time relator committed the crime for which he was sentenced, the words ‘ ‘ commutation ’ ’ and ‘ compensation ” were not synonymous or interchangeable terms. “ Commutation ” was earned because of good conduct, whereas “compensation” was earned for labor performed and was considered as a substitute for convict wages to relieve the public purse of wage payment burden. This distinction is further evidenced by the fact that section 236 of the Prison Law, in dealing with the procedure of allowing commutation and compensation, and by whom, and when same may be recommended, states (only with respect to compemation): “ Compensation credited to a convict in the first instance, in his account, by the agent and warden, as provided in section two hundred and thirty, shall stand as the compensation allowed, unless withheld wholly or partly by the board as punishment, as above provided ”. (Violation of prison disciplinary rules.) (L. 1916, oh. 358; emphasis supplied.)
The cases cited by defendant are factually distinguishable from the present proceeding in that said cases either deal with crimes committed after 1935 or where the relator attempted to “ lump ” together compensation and commutation to reduce the sentence imposed.
The Legislature in enacting chapter 902 of the Laws of 1935, whereby section 230 of the Correction Law was amended to the extent that it abolished the distinction between commutation and compensation time, specifically showed a clear legislative intent to avoid any retroactive effect by said change when it said (§ 16): “ Nothing contained in any provision of this act shall apply to a crime committed at any time before the day when this act becomes effective or to a person committing such crime. The provisions of law applicable before this act takes effect to persons committing crimes prior to the effective date of this act shall continue to apply to such person with the same force and effect as if such provisions had not been amended, *547 repealed or otherwise affected by this act.” (Emphasis supplied.)
This language is clear and unambiguous. Applied to this relator, it means that since relator was convicted in 1924 for a crime committed by him in 1920, section 230 of the former Prison Law, relating to ‘ compensation earned for efficient and willing performance of duties assigned to him”, still applied (rather than Correction Law, § 230) and that the laws affecting him continued with the same force and effect despite the enactment of the amendment in 1935, as afore-mentioned. Insofar as relator was concerned, the 5 years, 6 months and 10 days entered in the Warden’s book prior to his release on parole in August, 1940 amounted to a reduction of his 40-year sentence accordingly. The statute in 1920 (Prison Law, § 230, subd. 3) provided that he could earn as a reduction of his sentence 10 days in every 30-day period as compensation for efficient and willing performance of duties assigned to him while in prison (People ex rel. Fershing v. Wilson, 174 Misc. 191, supra). This compensation has been earned by relator and cannot be taken from him under the facts in this proceeding and in the absence of any of the afore-mentioned exceptions (see Prison Law, §§ 236, 238, 243).
Accordingly, in the light of the afore-mentioned, the court is of the opinion that relator has served his time in full and is entitled to his immediate discharge, and the writ is sustained.
Settle order on notice.