Morris E. Spector, J.
In this habeas corpus proceeding, relator seeks Ms immediate discharge from prison contending that the New York State Board of Parole lacks jurisdiction over him since his term has expired.
There is no dispute as to the facts. Relator was sentenced by the Court of General Sessions, New York County, on Novem *394 ber 14, 1932 for the crime of manslaughter in the first degree, as a second offender, for a definite term of 25 years plus an additional term of 5 years as provided in section 1944 of the Penal Law. Accordingly, his maximum term would expire on November 14, 1962. Relator was restrained in prison from the date of his arrest until date of sentence which was 1 year, 8 months and 14 days, thus reducing date of maximum termination to March 3,1961.
The dispute in this proceeding is concerning the interpretation of 1‘ Compensation ’ ’ allotted relator while serving his term. This question has recently been determined in the case of People ex rel. Vanilla v. Denno (13 Misc 2d 543, affd. 8 A D 2d 745).
Applying the reasoning in said case, it is apparent that relator has long since served his term and paid his debt to society.
Jail time served from date of arrest to date of sentence.... 1 year 8 months 14 days
Jail time served on sentence... .18 years 10 months 13 days
“ Compensation Reduction Earned” as per prison record........ 9 years 5 months 2 days
Jail time served since violation of parole.......... 1 year 7 months 26 days
29 years 30 months 55 days
or
31 years 7 months 25 days.
In addition relator is entitled to credit from time of release to date of declared delinquency (Sept. 28,1951 to Sept. 26,1956) of 4 years, 11 months and 27 days, making a total in all of 36 years, 7 months and 22 days.
Accordingly, the writ of habeas corpus is sustained. Order signed.