■    In the Matter of STANLEY PATREK, Petitioner, v. PAUL D. McGINNIS, as Commissioner of Correction of the State of New York, et al., Respondents.— Appeal from an order of the Supreme Court at Special Term which dismissed for insufficiency the petition in a proceeding in the nature of mandamus under article 78 of the Civil Practice Act. Petitioner was sentenced on April 2, 1935 to 12 years and 6 months for a felony committed February 21, 1935. With credit for jail time, his maximum term would normally have expired on August 23, 1947. He was paroled on July 6, 1943, owing, according to the computation of the Department of Correction, 4 years, 1 month and 17 days and this time he was later required to serve before commencing a sentence imposed May 1, 1946 upon his conviction of a felony committed June 2, 1945. Petitioner, now on parole, contends that he had earned 2 years and 9 months compensation while serving his 1935 sentence; that this time could not be taken away from him and must be applied in reduction of the 1935 sentence, which must then be held to have expired in 1944, prior, of course, to the commission of the 1945 felony and the 1946 conviction thereof; and that, therefore, the respondent Board of Parole should be required to credit against the 1946 sentence the 4 years, 1 month and 17 days supposed delinquent time he served upon the 1935 sentence and to advance the expiration date of his present parole accordingly. The first provision for "compensation" to be earned for labor in prison was enacted in 1916 and the statute itself distinguished between "commutation or diminution of * * * sentence", to be earned by "good conduct", and "compensation", in further reduction of sentence, "for efficient and willing performance of duties assigned". (Prison Law [now Correction Law], § 230, subd. 3, as amd. by L. 1916, ch. 358; 1935 Report of N. Y. Law Rev. Comm., pp. 498–500.) Thus, in distinction from "commutation", granted as "a matter of grace", it was held under the provisions of the statute in effect prior to the 1926 amendments (L. 1926, ch. 736) "that 'compensation' once earned and credited in the convict's 'account' was irrevocable and automatically reduced the convict's sentence — except in cases (1) where he violated prison rules (Prison Law, § 236), (2) where he escaped from prison (§ 238), and (3) where he was convicted of a felony later committed (§ 243)." (People ex rel. Vanilla v. Denno, 7 N Y 2d 29, 33.) Respondents mistakenly rely on Vanilla, apparently in the view that it projected a post-1926 rule indefinitely into the future and governs this case; but what was there said was, of course, with reference only to the 1926 amendments to section 230 (L. 1926, ch. 736) whereby a new subdivision 4 was added, applicable to every convict received in prison after July 1, 1926, and making no provision for compensation and, in fact, providing that the "term of such convict shall not be reduced by compensation"; but provision for compensation was later reintroduced and was applicable to prisoners received after July 1, 1932 and thus to relator (Correction Law, § 230, subd. 4 [sixth paragraph], as amd. by L. 1932, ch. 601 and L. 1934, ch. 731) ; and although in 1935 the section was radically amended and the provision for compensation again deleted (L. 1935, ch. 902), the amendment was inapplicable to relator as it was expressly provided (L. 1935, ch. 902, § 16) that it should not apply to persons committing crimes before the effective date of the act, June 1, 1935. Respondents are, however, justified in relying on Vanilla (supra) to the extent that it clearly indicates (pp. 33, 35), if only by way of dictum, that compensation once earned and credited was nevertheless revocable under section 243 of the former Prison Law, although, of course, the language of the decision is not necessarily to be construed as comprehending a revocation after the expiration of a term reduced by compensation. The varying language of the many amendments which followed the 1916 act seem to blur somewhat the distinction between "compensation" and "commutation"

which the *Vanilla* case stressed (cf. 1935 Report of N. Y. Law Rev. Comm., pp. 500–503), but it is not necessary to determine whether the distinction continued into the period of petitioner's subsequent crime, conviction and incarceration so as to render his earned compensation irrevocable, if there became applicable, in any event, the exception to such irrevocability, arising upon the subsequent conviction, under section 243 of the Prison Law (now Correction Law, § 242), as noted in *Vanilla* (*supra*) and above quoted. The pre-1926 version of the section was that referred to in *Vanilla* and in pertinent part provided: " The governor shall, in reducing the sentence of convicts  *  *  * annex a condition to the effect that if any such convict shall, *during the period between the date of his discharge by reason thereof and the date of the expiration of the full term for which he was sentenced*, be convicted of any felony, committed in the interval as aforesaid, he shall in addition to the sentence which may be imposed for such felony  *  *  * be compelled to serve  *  *  * the remainder of the term without commutation which he would have been compelled to serve but for the commutation of his sentence as provided for in this article". (Prison Law, § 243, as amd. by L. 1916, ch. 358; emphasis supplied.) The provision effective at the times of petitioner's subsequent felony, conviction and reception in prison (Correction Law, § 243, as amd. by L. 1932, ch. 297) contained no relevant change. Thus, the issue narrows to the question whether or not, in the provision as to " the date of the expiration of the full term for which [the prisoner] was sentenced", the expression " full term " is to be deemed the term as reduced by compensation — petitioner's " term ", if so reduced, having expired in 1944 and prior, of course, to his commission of the 1945 felony. Any such construction appears to us a forced one and seems to be clearly interdicted by the words " *full* term " and the clause, " for which he was *sentenced* ", both expressions conveying the quite contrary idea and each being completely redundant if merely " term " or " term, as and if reduced by compensation " was intended. Although the specific issue was not argued in *People ex rel. Ravalli* v. *Jackson* (276 App. Div. 810, motion for leave to appeal denied 300 N. Y. 763), that case is squarely in point on the facts, relator's subsequent felony conviction having occurred at a time when his prior sentence, as reduced by compensation, would otherwise have expired; and our affirmance of the dismissal of a writ of habeas corpus was predicated upon section 243 of the former Prison Law (now Correction Law, § 242). Petitioner relies, in part, on *People ex rel. Tomaselli* v. *Murphy* (12 A D 2d 880, appeal dismissed 10 N Y 2d 1008); *People ex rel. Hartigan* v. *Fay* (11 A D 2d 698), and *People ex rel. Emanuel* v. *Silberglitt* (22 Misc 2d 393, affd. 10 A D 2d 669), but none of these cases appears to have involved a subsequent conviction calling for the operation of former section 243, each case relating to a parole violation. In general, acts or omissions constituting such violations are those occurring while *on parole* (cf. Correction Law, §§ 215–219) and the question before us is not that of the possible acceleration of the date of termination of parole by credit of compensation, after which a violation of parole could not occur, but rather, of course, of the identification of " the date of the expiration of the full term for which [petitioner] was sentenced " (Correction Law, § 243 [now 242]). We find no persuasive authority in the unreported Special Term opinion in *People ex rel. Shillitani* v. *Fay* (appeal dismissed 15 A D 2d 788) which petitioner quotes and which exposes no rationale but relies solely on *Tomaselli* (*supra*); *Hartigan* (*supra*), and *Emanuel* (*supra*), which we have found not in point. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.