(51 Misc. Rep. 407.)

## In re LONG ACRE ELECTRIC LIGHT & POWER CO.

(Supreme Court, Special Term, New York County. September, 1906.)

1. MANDAMUS—USE OF SUBWAY—ELECTRIC WIRES—ANSWER—SUFFICIENCY.
   Petitioner applied for writ of mandamus directing the Consolidated Telegraph & Electrical Subway Company to accord it space in subway ducts for certain electric conductors. The petitioner had complied with all the regulations required for such an application, and furnished the court and the subway company with evidence showing its title to a franchise. The allegations of the petition were explicit, and the answering affidavits contained merely denials of knowledge and information sufficient to form a belief, and denials which were merely statements and conclusions of the answering party, and did not deny the execution of the instrument set up by the petitioner. *Held*, that as such answering affi-

davits raised no issues of fact to prevent the issue of such a writ, and no suggestion of any reason of public policy for denying the application, the mandamus would be granted.

**2. SAME.**
Mandamus to compel the Consolidated Telegraph & Electrical Subway Company to give petitioner space in its subway ducts for certain electrical conductors will not be denied because petitioner has not yet applied to the commissioner of water supply, gas, and electricity, for his consent to place the conductors, as the rules do not contemplate the giving of the consent by the commissioner until the place has been assigned for the conduits underneath.

**3. CORPORATIONS—FRANCHISES—TRANSFER.**
Interests by way of franchise are independent of the life of the original corporation, and transferable as property by means of judicial proceedings and otherwise.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1525.]

**4. SAME.**
Laws 1905, p. 2097, c. 737, § 13, prohibiting a corporation from transferring or leasing its franchise to any other person or corporation, does not prohibit such transfer by an individual.

Application by the Long Acre Electric Light & Power Company for a writ of mandamus to the Consolidated Telegraph & Electrical Subway Company. Application granted on conditions.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer and David Gerber, of counsel), for plaintiff.

Beardsley & Hemmens (Samuel A. Beardsley, of counsel), for defendants.

DOWLING, J. This is an application for a writ of peremptory mandamus, directing the Consolidated Telegraph & Electrical Subway Company to accord to the petitioner herein space in its subway ducts for the placing of electrical conductors therein, extending from a specified location in West Forty-Second street to another specified location in West Forty-Fourth street, in the borough of Manhattan, city of New York, said space to be sufficient to permit the placing therein of three conductors. The said Consolidated Telegraph & Electrical Subway Company, under the subway act of 1887, ratifying and confirming agreements theretofore made between said company and the commissioners of electrical subways for the city of New York, acquired a practically exclusive right to the furnishing of space in subways to electric light corporations upon the proviso and obligation that said company should furnish just and equal facilities to all corporations lawfully competent to manufacture, use, and supply electricity, or to operate electric conductors in any street, avenue, or highway in the city of New York, applying for such facilities upon such terms as the court shall deem just and reasonable, and, upon its failure so to do, the court is vested with power to compel it, by proper proceedings by mandamus, to grant such facilities. Laws 1887, p. 930, c. 716, § 7. The petitioner herein having made application to said subway company for space in its subway ducts for certain electrical conductors within a limited territory, said application was denied by the subway company. The petitioning company has complied in all respects with

the rules and regulations laid down for such application, and has furnished to the said subway company and to this court copies of the documentary evidence showing its title to a franchise. The allegations of the petition herein are explicit in detail, and show every step in the history of the franchise in question, from the passage of the original ordinance May 31, 1887, and its approval by the mayor June 13, 1887, to the present day. The explicit allegations of the petition are met for the most part by denials of knowledge or information sufficient to form a belief or by denials which, upon their face, are merely statements of the conclusions of the answering party.

The answering affidavits herein, in my opinion, do not raise an issue of fact such as would prevent the issuance of a peremptory writ of mandamus. Most of the denials contained in the answer are simply denials of any knowledge or belief as to the truth of the allegations in the petition herein, even in the face of documentary evidence of the facts alleged. It is well settled that only positive statements of fact are considered in mandamus proceedings, and that unspecific and indefinite statements or denials, or statements and denials upon information and belief, are worthless. Matter of Guess, 16 Misc. Rep. 306, 38 N. Y. Supp. 91. So, also, it has been held that affirmations, which are only conclusions of law or of fact, or are indefinite or general statements, are of no avail and worthless, and a denial in gross, without stating facts, is a mere conclusion. People ex rel. Beck v. Coler, 34 App. Div. 167, 54 N. Y. Supp. 639. The general rule is that, where the positive allegations in support of a motion for a writ of mandamus are made by a denial on information and belief, no issue is raised. People ex rel. Kelly v. Common Council, 77 N. Y. 503, 33 Am. Rep. 659; People ex rel. Frost v. N. Y. C. & H. R. R. R. Co., 168 N. Y. 191, 61 N. E. 172. In order that a denial shall raise an issue, it must present an honest dispute as to a material fact requiring determination; otherwise, no issue is made. Matter of Stutzbach, 62 App. Div. 219, 70 N. Y. Supp. 901.

Specific denials in respondent's answer are those which controvert the allegations set forth in paragraphs 3, 6, 8, 12, and 13 of the petition herein, and those denials do not traverse the facts, but simply raise questions of law. Thus paragraph 3 of the petition sets forth the incorporation of the American Electrical Manufacturing Company pursuant to law, with a statement of its corporate purposes, and refers to the provisions of its charter, a copy of which has been served upon the respondent company, and a copy thereof is submitted to the court with the moving papers. The denial of this paragraph is only a denial of the legal effect of such charter, and is not a denial of a fact which is undisputed, and affirmatively appears by a copy of the very instrument itself, the execution of which is not denied, nor are any facts to establish its invalidity set forth. Paragraph 6 of the petition sets forth the assignment on April 18, 1888, by the American Electrical Manufacturing Company, to Frederick E. Townsend, of the city of New York, of certain rights and privileges under the franchise theretofore granted to the said company by the city of New York. A copy of said assignment was served upon the respondent company, and a copy is

now before the court, and the denial by the respondent is only a denial of the legal effect of such assignment, and is not a denial of the fact of its execution, nor are any facts set forth controverting such execution. Paragraph 8 of the petition recites an assignment by Frederick E. Townsend to the American Electrical Illuminating Company of the rights which he had acquired from the American Electrical Manufacturing Company. A copy of such assignment, which is in writing, was served upon the respondent company, and a copy is before this court upon the present application, and the respondent sets forth no facts in denial of such assignment, and his answer, therefore, in the face of the production of the instrument itself, only raises an issue of law as to the legal effect thereof. Paragraph 12 of the petition sets forth a sale on December 4, 1897, by the receiver of the American Electrical Illuminating Company at public auction to one Martin F. Minturn of the aforesaid franchise, and the execution by said receiver of an assignment and bill of sale in writing to said Minturn; a copy of the referee's report of sale therein referred to and of the order confirming such sale having been served upon the respondent and copies being now before the court. The denial of the respondent, therefore, is a denial of the legal effect of such sale, and not of the fact thereof; for it has set forth no facts controverting the judicial records. The thirteenth paragraph of the petition sets forth an assignment by Martin F. Minturn to the Long Acre Electric Light & Power Company of the rights acquired by him under such judicial sale, and a copy of said assignment is before this court. The denial of the respondent, therefore, raises no question of fact, but simply a question of law as to the effect of such assignment. In all these cases, where a specific denial of paragraphs of the petition has been made, it thus appears that the facts sought to be controverted appear affirmatively by documentary evidence. It is evident that in the face of such proof no mere denial of the respondent raises any real issue of fact, when unaccompanied by any statement of fact tending to controvert the documentary proof. In my opinion the respondent has raised no issue of fact herein such as would prevent the granting of the writ asked for. The papers, the legal effect of which is questioned, are before the court, and their execution is not put in issue by the answer.

The objection is made that the relator must first apply to the commissioner of water supply, gas, and electricity before this present application can be made. It is undoubtedly true that the petitioner will be unable to obtain access to the subway of the respondent without the consent of the commissioner of water supply, gas, and electricity. I am of the opinion, however, that under the rules of the department of water supply, gas, and electricity, as established by its commissioner, the proceeding of the petitioner herein is regular. Rule 3 of the rules and regulations governing the occupancy of electrical ducts, conduits, and subways provides:

"(b) When applications have been made and space assigned for conduits underground, the written consent of the commissioner must be obtained before any conductors are placed in the space so assigned."

This clearly indicates a method of procedure by which, application having been made to the subway company and space assigned by it, the

consent of the commissioner then becomes a requisite to the installation of the conductors. But I am unable to find any rule, regulation, or law which requires that the consent of the commissioner of such department must be given before application can be made to the subway company.

It is also alleged that a franchise is not property, and assignable as such; but the Court of Appeals in People v. O'Brien, 111 N. Y. 1, 18 N. E. 692, 2 L. R. A. 255, 7 Am. St. Rep. 684, hold that the general policy of the state was to render interests by way of franchise independent of the life of the original corporation, and transferable as property by means of judicial proceedings and otherwise. It is also contended that the failure to organize and do business by certain of the corporations, ipso facto dissolved the corporation, but it has been frequently held that where the franchise was not forfeited by the city, because of any terms of the agreement itself, and no action had been taken to dissolve the corporation or forfeit the franchise, the franchise remained effective. See decision of Justice Bischoff in People ex rel. Elec. Lines Co. v. Ellison, 51 Misc. Rep. ——, 101 N. Y. Supp. 444.

It is also submitted in objection that the consent of the gas commissioner to the assignment from Minturn to the Long Acre Company was not obtained. To support this objection reference is made to section 13, c. 737, p. 2097, of the Laws of 1905. But said section prohibits a corporation transferring or leasing its franchise or other property to any other person or corporation, and contains no prohibition of such transfer by an individual. I believe, upon the facts disclosed by the moving papers herein and in the absence of any issue of fact properly raised by the answer and affidavit in reply, and no suggestion having been made of any reason of public policy calling for the denial of this application, nor any suggestion that the public interests will be prejudiced by its granting, that the application for a writ of peremptory mandamus should be granted. As a condition for the permit desired, petitioner will be required to deposit with said subway company $2,000 in cash, from which to pay such sum as may be fixed by the respondent company as one year's rental for the use of the desired space in the subway, the same not exceeding two miles in length, and also to furnish a bond of a surety company in the sum of $10,000 to secure the payment of such rental for five years after the first year.

Ordered accordingly.