THE PEOPLE OF THE STATE OF NEW YORK on the Complaint of RAYMOND CRENNAN, Complainant, *v.* SOL PATRICK, Defendant.

City Magistrates' Court of New York, Borough of Manhattan, Second District, June 6, 1939.

*Ambrose J. Haddock* and *James H. Quinn*, legal bureau, police department, for the People.

*Aaron E. Koota*, for the defendant.

MAHONEY, C. M.   The facts in this case are that the defendant set up in the vestibule of premises 255 West Thirty-fourth street a portable counter five feet long and three feet high covered with gloves.   The counter was situated at the building line of the premises.   In front of this portable counter was a sign five feet long and three feet in depth with the words "gloves for sale." In the presence of the police officer who issued the summons the defendant sold three pairs of gloves to three pedestrians who approached the defendant and necessarily stood on the sidewalk while making the purchase.   The defendant was served with a summons for violation of section 435–10.1 of the Administrative Code of the City of New York.

A motion was made to dismiss at the close of the People's case and also at the close of the entire case on the ground that the section is unconstitutional, particularly that it is discriminatory, arbitrary, vague and indefinite.

The local legislative body, under the New York City Charter, has the power to adopt and amend laws providing for the preservation of public comfort, the peace and prosperity of the city and its inhabitants, and regulating the care and management and use of the city streets. Local Law 29 of 1939, also known as section 435–10.1 of the Administrative Code, provides as follows:

" a. It shall be unlawful for any person to stand, or cause or permit any person to stand on the sidewalk or street in front of, or in the entrance or hallway of any store or building for the purpose of calling the attention of passersby to goods, wares or merchandise displayed or on sale in such store or any other store or building, or to solicit patronage for any business or service, or to attempt by word of mouth or gesture, or by the distribution of handbills or other printed matter, or by the use of mechanical or soundmaking devices, to entice or persuade passersby to enter such store or building, or any other store or building, or to accept the services of any business.

" b. Any person who shall violate any provision of this section shall, upon conviction thereof, be punished by a fine of not more than fifty dollars, imprisonment for not exceeding ten days, or both."

The law became effective when approved by the mayor on April 11, 1939. It specifically prevents and makes illegal interference with the inhabitants' comfortable, unobstructed, and peaceful use of the city streets by the conduct of individuals endeavoring to interest passersby in business and services carried on within buildings. It was never intended that the city streets should be used for carrying on business or for the purpose of inducing business. Such use is unauthorized. (*People ex rel. Hofeller* v. *Buck*, 193 App. Div. 262; affd., 230 N. Y. 608; *O' Neill* v. *City of Port Jervis*, 253 id. 423; *Acme Realty Co.* v. *Schinasi*, 215 id. 495; *Hatfield* v. *Straus*, 189 id. 208.)

The defendant urges that the law is unconstitutional and that it is arbitrary, discriminatory, vague and indefinite. I cannot agree with such a contention. The law applies generally to the entire city and to all business. Its evident purpose is to promote public convenience as well as to preserve the peace, and defines an unauthorized use of the city streets or acts tending to bring about an unauthorized use of the streets. It is a proper exercise of the police power of the municipality. The police power is not limited to regulation designed to promote public health, public morals, or public safety, or to the suppression of what is offensive, disorderly or unsanitary, but extends to so dealing with conditions

that exist to bring out of them the greatest welfare of the people by promoting public convenience or general prosperity. (*Matter of Wulfshon* v. *Burden*, 241 N. Y. 288, 298.)

" If this ordinance were intended to promote public health or the general welfare, if it applied generally to the entire city or even to only such an area within the city as would reasonably require such a limitation upon the rights of merchants, doubtless it would be deemed valid within the exercise of the police power." (*People* v. *Cohen*, 272 N. Y. 319, 322.)

The provisions of this law are clear and definite and prohibit and eliminate the various practices and devices of individuals commonly known as pullers-in to solicit business from pedestrians on the public streets. The circumstances and the methods of the defendant show that his purpose was to induce the passersby to his counter to listen to his words and inspect his merchandise while on the public street. This is one of the practices which this section was intended to eliminate.

I find the defendant guilty and he is fined the sum of ten dollars with the alternative of three days in the workhouse.