JOHN ROBBINS, an Infant, by JOHN F. ROBBINS, His Guardian ad Litem, Appellant, *v.* WILLIAM A. BOYER et al., Individually and as Copartners Doing Business under the Name of BOYER & LYONS, Respondents.

Fourth Department, March 19, 1954.

*William J. Flynn, Jr.,* and *William J. Flynn,* for appellant.

*James R. Ulsh* for respondents.

*Per Curiam.* The complaint alleges that defendants '' placed and maintained on the public sidewalk a display rack which they knew or should have known would cause injury to a pedestrian;'' also that the infant plaintiff '' was caused to sustain personal injuries when his right ring finger came into contact with said display rack ''. It further alleges that the placing of the display rack on the sidewalk '' constituted a nuisance, menace and a trap ''.

The proof showed that the rack, containing garden tools, was placed on the sidewalk in front of defendants' place of

business; that the infant ran by the rack, caught his ring on some part of the rack and injured his finger to the extent that it had to be amputated. The defendants offered no proof and their motion for a directed verdict of no cause of action was granted. We think the plaintiff's proof established a prima facie case both on the theory of negligence and nuisance.

In *People ex rel. Hofeller* v. *Buck* (193 App. Div. 262, affd. 230 N. Y. 608) this court said at page 264: " It is elementary law that the public is entitled to the free and unobstructed use of city streets and that any obstruction of such streets for private use interfers with the public right, constitutes a nuisance and may be removed at the suit of any interested citizen. * * * Under these general rules it has been held repeatedly that storekeepers cannot use any part of the sidewalk for their showcases, show windows, and other like purposes as the right of the public is absolute and paramount and the public has the right to the use of the entire street."

It seems clear that the defendants created a nuisance in placing the rack on the sidewalk in a position to interfere with the full use thereof by pedestrians.

In *Klepper* v. *Seymour House Corp.* (246 N. Y. 85, 92) Judge CRANE wrote: " Nuisance and negligence at times so nearly merge into each other that it is difficult to separate them. * * * The existence of a nuisance in many, if not in most instances, presupposes negligence. These torts may be, and frequently are, coexisting, and practically inseparable ".

We think it was not necessary for the plaintiff to prove the exact part of the rack that caused his injuries. From the proof a jury could find that some part of the rack, wrongfully placed on the sidewalk by defendants, was the proximate cause of plaintiff's injuries. The claim that this particular accident was not foreseeable by the defendants does not bar recovery under the facts of this case.

The case should have been submitted to the jury on both the theory of negligence and the theory of nuisance. The judgment should be reversed and a new trial granted.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, PIPER and WHEELER, JJ.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.  [284 App. Div. 835.]