Arthur G. Klein, J.
The relator, preséntly confined in the City Prison, brings this proceeding by writ of habeas corpus, claiming that he is being detained illegally. On October 14, 1930, he was sentenced in New York County, upon a plea of guilty to the crime of robbery, second degree, while armed, to an indeterminate sentence of 7% to 15 years, plus 5 to 10 years on the gun charge, under section 1044 of the Penal Law, the sentences running consecutively.
He was subsequently paroled on December 20, 1939 and returned to New York State prison on July 17, 1955, following his release on parole from a Connecticut prison sentence on a conviction for robbery committed there in July, 1952.
*610 The relator claims at this time that the maximum of his original term of imprisonment, totaling 12% to 25 years, expired on April 3, 1952, and that his subsequent arrest and return to State prison by the parole authorities were illegal. He contends that the compensation time credited to him while in prison on the 1930 sentence must be deducted from his maximum sentence as an absolute reduction thereof. His contention cannot be upheld.
It is undisputed that relator’s 1930 sentence of 7% to 15 years and 5 to 10 years, to run consecutively, is indeterminate. By chapter 243 of the Laws of 1929, the Prison Law was renamed the Correction Law and in subdivision 4 of section 230, applicable to all sentences after July 1, 1926, thereof, it is provided that a definite sentence prisoner might earn time applied against his flat sentence as imposed by the court. No reference is made to prisoners serving indeterminate sentences. This section was in effect at the time relator committed his crime and when he was sentenced.
In 1931 this section was amended to grant compensation time to indeterminate prisoners but specifically provided that such compensation would apply only to their minimum sentence.
By subsequent legislative enactments (L. 1935, ch. 902; L. 1936, ch. 70) dealing with compensation time, reduction of sentence of indeterminate prisoners applies only to the minimum term.
The maximum term of the relator’s sentence, 12% to 25 years, remains the same, and subsequent to his release on parole in 1939, he continued under the jurisdiction of the parole authorities until the full term expired in 1955. The case of People ex rel. Vanilla v. Denno (13 Misc 2d 543, affd. 8 A D 2d 745) is not controlling here. In that case the court was dealing with a definite sentence, and not an indeterminate one. The same is true of the case of People ex rel. Emanuel v. Silberglitt (N. Y. L. J., May 29,1959, p. 13, col. 4) and the other cases relied on by relator.
The writ is accordingly dismissed and the relator is remanded. Submit order on July 31,1959. The same is to be served on the relator with notice of entry.