Sidney A. Fine, J.
Plaintiff sues for a permanent injunction, restraining defendants from continuing to park their automobiles on streets in the area known as “ Fieldston ”, notwithstanding repeated warnings that such parking was claimed by plaintiff to be in violation of plaintiff’s rights. By amendment of the complaint, a cause of action has been added which seeks *327 a declaratory judgment that such parking is unlawful and violative of plaintiff’s rights.
Plaintiff is admittedly the owner of the streets involved in this action. No map dedicating the streets to the City of New York has been filed, nor has the city condemned them. The streets are maintained, repaired, and cleaned by plaintiff, an association whose members are the owners of property in “ Fieldston ”, out of fees or dues payable annually by the property owners to the plaintiff for that purpose.
Plaintiff’s counsel, at the opening of the trial, conceded that the public has the right to travel upon its streets and use them for passage. The streets, though privately owned, are therefore public highways (People v. County of Westchester, 282 N. Y. 224; Mullen v. Fayette, 274 App. Div. 527, affd. 300 N. Y. 501; People v. Garland, 193 Misc 664). In People v. County of Westchester (supra, p. 228) the Court of Appeals quoted with approval the following language from Elliott, Roads and Streets: “ No matter whether it be established by prescription or by dedication, or under the right of eminent domain, it is a highway if there is a general right to use it for travel. The mode of its creation does not of itself invariably determine its character, for this, in general, is determined by the rights which the public have in it”. In Mullen v. Fayette (supra) the court declared that (p. 529): “ The term highway means a way open to all the public without distinction for passage and repassage at their pleasure. The ownership of a highway is immaterial in determining its character as such; in legal contemplation it may be a highway, whether it is owned by a private corporation, or one owned by the Government or a governmental corporation ”.
Plaintiff’s counsel contends, however, that although the public has the right to travel on the streets, it has no right to park upon them, and that the Police Department Regulations may not permit such parking. To this the court does not agree. Section 435 of the New York City Charter authorizes the Police Department to “ regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health ’ ’. That section is applicable to the streets of “ Fieldston ”, in view of the fact that the public rightfully uses the streets for travel. It follows that plaintiff’s streets are subject to traffic regulation by the appropriate public authorities. The right of the Police Department to regulate, direct, control and restrict traffic upon plaintiff’s streets includes the right to regulate and restrict the parking of vehicles on said *328 streets (People v. Rubin, 284 N. Y. 392). In that case, section 435 of the charter was held to authorize parking regulations promulgated by the Police Department. The Court of Appeals pointed out that the unreasonable use of stopping or parking facilities interferes with the progress of moving vehicles and that the right to regulate traffic necessarily includes the right to regulate parking.
The evidence establishes not only that the Police Department has been, for years, regulating traffic, including parking, in “ Fieldston ”, but that plaintiff itself has requested the Police Department to regulate and control parking on its streets. The police have for years, with plaintiff’s consent and at its request, posted signs in “ Fieldston ”, some of which read: “ No Parking ”, some of which read: “ No Parking On This Side ”, and others of which permitted parking only between specified hours. Police in radio cars have been patrolling “ Fieldston’s ” streets and serving summonses for parking in violation of the posted signs. These summonses are served without regard to whether or not the illegally parked cars are owned by “ Fieldston ” property owners.
In the court’s opinion, the parking of cars on plaintiff’s streets is exclusively controlled by the Regulations of the Police Department and the Commissioner of Traffic and may not be independently restricted by plaintiff. Plaintiff is seeking to enjoin all parking by nonresidents of “ Fieldston ”, without regard to whether such parking is or is not authorized by the police signs permitting parking during specified hours or on one side of certain streets. No attempt has been made by plaintiff to show that the defendants’ parking was in violation of the police signs posted at the locations where defendants’ parking occurred.
It is accordingly unnecessary to consider whether plaintiff, had it established that defendants’ parking violated the police regulations and signs, would be entitled to enjoin such parking as a private nuisance.
It is to be noted that section 1642 of the Vehicle and Traffic Law empowers a city with a population of more than 1,000,000 persons to enact local laws, ordinances, rules, or regulations restricting or regulating traffic on any highway “ which term ® ® # shall include any private road open to public motor vehiole traffic in such city ” (italics supplied). Plaintiff’s counsel contends that this section is inapplicable because no such local law, ordinance or regulation has been enacted by the city. It would seem, however, that section 455 of the charter is such an enactment and that the fact that it became effective prior to the adoption, of section 1642 is immaterial. Section 1642 gives *329 legal validity to a city enactment regardless of the date of its enactment. However, even if it be assumed that plaintiff’s contention is correct, the court is of the opinion that the provisions of section 435 of the charter are broad enough (even without § 1642) to authorize the Police Department to regulate, control and restrict all highway traffic, i.e., traffic on streets open to the public, even if the streets are privately owned. No resort to section 1642 is necessary.
Plaintiff relies upon the case of Decker v. Goddard (233 App. Div. 139) as authority for the relief claimed by it in this action. In that case the court said (p. 141): “ And parking, such as impelled the bringing of this action — unless legally authorized by the constituted authority — may be stopped or prevented by an abutting owner by injunction in an action in equity, if such abutting owner be specially damaged ” (italics supplied). It was only because the City of Rochester and its Commissioner of Public Safety had not enacted a valid parking regulation that injunctive relief was granted. The court clearly recognized, however, that the result would have to be different if the parking was permitted by a valid traffic regulation. It is to be noted, in addition, that, in the cited case, the defendant’s car had been stored in front of the plaintiff’s residence for several hours a day “ for a considerable number of days ”. In the instant case, there is no such evidence. The Decker case is thus clearly distinguishable from the case at bar.
For the reasons indicated, the court holds that plaintiff is not entitled to the injunctive relief or declaratory judgment sought. The motion to dismiss the complaint at the close of the entire ease is granted, with an exception to plaintiff. The objections of defendants’ counsel to certain of the questions in the deposition of Julius Gordon are overruled, with exceptions to defendants.