Frederick E. S-hulmau, J.
This ease, tried hefor-e this court without a jury, was predicated upon a village ordinance to wit: Number 15, enacted by the then Board of Trustees of the Village of Mount Eisco in the year 1915. Specifically, the defendant is charged with violation of this ordinance by placing, erecting and maintaining a plastic swimming pool and a rubber-float on the sidewalk in front of the premises of the defendant, and which articles were not actually physically on the sidewalk, but were hung above the sidewalk approximately 4% to 5 feet above the sidewalk and protruded approximately 15 to 18 inches from the window of the defendant on the exterior of the building.
The defendant maintains a retail store located on the easterly side of South Moger Avenue in the Village of Mount Eisco and the sidewalk in front of the defendant’s place of business extends 15 feet easterly from the curb line of the easterly side of South Moger Avenue.
It is conceded by both the prosecution and the defense that the most westerly 15 feet of this sidewalk in question is a public street. The most easterly 5 feet of the 15-foot sidewalk is not owned by the village; but on or about the 4th day of September, 1951, the Board of Trustees adopted a resolution in accordance with the provisions of section 179-h of the Village Law, wherein South Moger Avenue in the area of the defendant’s premises was widened and thus extends to the westerly side of the buildings located on said street.
The sidewalk, in front of the defendant’s premises, to a casual observer, is a sidewalk 15 feet in width with no physical demarcations whatsoever on the sidewalk.
The attorney for the defendant and the attorney for the People have submitted extensive memoranda dealing with various phases of personal injury actions against municipalities, and in addition, the attorney for'the defendant has referred this court to proceedings determining the right to assess costs of removal of igcumbrances placed on public highways. Also, counsel for the defendant has strongly pointed out that the case against the defendant is a criminal charge and therefore the defendant is entitled to every constitutional protection afforded by the Code of Criminal Procedure and/or the Penal Law. With this argument the court agrees.
*743 Further, counsel for the defendant has submitted lengthy argument that a municipality may not by ordinance control or regulate areas unless the same are publicly owned. (This court assumes that legal title to the aforesaid five feet of sidewalk is not in the Village of Mount Kiscdi)
However, after reviewing the entire proceedings; the' principal-question of law which this court is confronted with is: May a municipality enact ordinances affecting streets although the title' may riot be in the municipality1?
The prosecution,- among Other things; proved that the Village Of Mount Kisco, pursuant- to section 179-h, actually adopted- a-resolution widening South Moger Avenue. The court finds as a fact; that- this sidewalk consisting of 15 feet is used by the public as a walk and that the 5-foot sidewalk in front of the defendant’s premises is not limited in use solely to customers of the defendant?
As stated before, the only question of law before the court is whether the 5 feet of sidewalk immediately in front of the premises of the defendant (as tenant) is subject to the police power of the village.
It is the finding of this court that- the' answer to this question is in the affirmative:
The sidewalk in question is open and in use by the entire public: The public has an unrestricted right to pass over this strip of lárid. In a recent decision,- analogous to this case, the Supreme Court of Brorix Coutity, Fieldston Property Owners Assn. v. Bianchi (29 Misc 2d 326) dismissed a proceeding ágairist a plaintiff seeking -injunbtive relief when the plaintiff owner, in that proceeding; sought to restrain the defendant ff o'm parking on a private street, where1 the public had the right to use the land for travel purposes; that court held (p. 327): “ The ownership of a highway is immaterial in determining its character as such; iri legal contemplation it may be a highway, whether it is owned by a private corporation, or one owned by the Q-overnment or a governmental corporation ’ ’ citing Mullen v. Fayette (274 App. Div. 527, affd; 300 N. Y. 501).
It is interesting to note that section 1641 of the Vehicle and Traffic La-w provides in part: “ In addition to the other powers granted by this article, the legislative body of atiy city or village with respect tó highways (which term for the purposes of this section shall include private roads open to public motor vehicle traffic) in such city or village except state highways maintained by the state, may by local law, ordinance,- order, rule or regulation * * Though this decision does not hinge on the foregoing section of the Vehicle and Traffic Law, it is important *744 to observe that the Legislature recognizes the necessity and the right of municipalities to control traffic on private roads open to public use.
It is a well-settled law that the term “ street ” is not necessarily limited to the travelled way used by vehicles, but also includes sidewalks. (Highway Law, § 189; Village Law, §§ 140, 141.)
The term “ street ” as defined in section 140 of the Village Law ‘ ‘ includes a highway, road, avenue, lane or alley which the public have the right to use” (italics supplied). And section 141 of the Village Law provides: “The streets and the public grounds of a village * * * are under the exclusive control and supervision of the board of trustees ”.
Subdivisions 41 through 46 inclusive of section 89 grant to the board of trustees of villages various and sundry powers over streets including the right to pave the same and assess the cost against abutting or benefitting owners; change grades in streets, enact ordinances with respect to removal of snow, ice and other incumbrances on streets and more specifically in subdivision 46 “ [mjay regulate the use of sidewalks ”.
In the case of Best & Co. v. Village of Garden City (247 App. Div. 893) the plaintiff, Best & Co. sought a declaratory judgment giving it the right to use a parking lot adjoining its premises for the exclusive use of its customers. The appellate court held: “This parking place is a public parking place, although privately owned and its use limited to customers of plaintiff, Best & Co., Inc. It is public, because it is affected by a public interest, just as much as a theatre, a dance hall and the like.” (See, also, People ex rel. Crenman v. Patrick, 171 Misc. 705; People ex rel. Hofeller v. Buck, 193 App. Div. 262; People v. Garland, 193 Misc. 664; People ex rel. Sheehan v. Silberglitt, 21 Misc 2d 609.)
There is ample authority in other jurisdictions to support the theory that when a street is used by the public, although title is not in the municipality, those streets aré subject to the necessary controls which are applied to public streets. (Crossler v. Safeway Stores, 51 Idaho 413, 420; Nemours v. City of Clayton, 237 Mo. App. 497, 510; State ex rel. Audrain County v. City of Mexico, 355 Mo. 612.)
The Village of Mount Kisco has duly widened South Moger Avenue pursuant to section 179-h of the Village Law and the rule set forth in Nemours v. City of Clayton (supra) is applicable here: “by the sufference and permission of its owners, has been allowed to become a public street * * * subject only to the right of its owners to revoke the license thus *745 impliedly granted at any time they so elect. However, so long as the owners do not see fit to exercise their power of revocation hut instead permit the street to remain open as a way or place for vehicular travel by the public, the necessity for regulation will exist in no less degree than if the street were publicly constituted and maintained; and the city, during all such time, may prescribe and enforce reasonable rules by which the privilege thus extended may be enjoyed by all members of the general public, including the owners of the street and the proper members of their families, who must likewise be obedient to the regulations thus imposed.” And the ruling in State ex rel. Audrain County v. City of Mexico (supra, p. 616) is likewise applicable here: ‘ ‘ The necessity for regulation inherent in the use permitted gives rise to and makes the police power applicable to private land when used as a de facto public highway.” The placing of merchandise on sidewalks or above the sidewalk is always a possible menace and danger to the public, and it is the opinion herein that this sidewalk ordinance was enacted for the protection of the public. Every ordinance pursuant to a delegation of authority should be reasonable and its purposes of enactment should be for the public safety and welfare. It is the conclusion of this court that this ordinance is just and reasonable, and therefore a constitutional enactment of a police power.
To hold that a person is not subject to the regulations of the State, or any municipal subdivisions thereof, over private property used by the public would prevent law enforcement bodies to properly exercise their duties imposed upon them. The primary obligation of a board of trustees of a village is to do all things expedient for good government, for the protection of its property, and for the safety and health of its inhabitants.
Accordingly, it is the judgment of this court that the defendant, Samuel Lieberman, is guilty as charged. The defendant is fined $10, which fine shall be remitted to this court by December 1, 1961.