■ SHIRLEY WATTS, as Administratrix of the Estate of JAMES WATTS, Deceased, Respondent, v. COLONIAL SAND & STONE Co., INC., Appellant, et al., Defendant.— In an action to recover damages for wrongful death, defendant Colonial Sand & Stone Co., Inc. appeals from a judgment of the Supreme Court, Kings County, entered December 24, 1970, in favor of plaintiff upon a jury verdict. Judgment affirmed, with costs. No opinion. Latham, Acting

P. J., Shapiro, Brennan and Benjamin, JJ., concur; Gulotta, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: This appeal involves the single question of whether parking appellant's truck on land leased from the City of New York by appellant, for that purpose and for the purpose of storage of materials in connection with appellant's operation of an adjacent wharf, does, as a matter of law, come within the purview of the State statute and the New York City ordinance which require the removal of ignition keys from unattended motor vehicles parked on a street. Other questions were litigated at the trial, but the jury's verdict in plaintiff's favor must be regarded as having settled them adversely to appellant's contention. Briefly the facts are these: Appellant occupies and operates a pier or wharf on the East River and pursuant to a lease from the City it also occupies about 3,000 square feet under the East River Drive denominated therein a "marginal street" for the purposes set forth above and for which it pays an annual fee of $1,020. The instrument is labeled a permit. Appellant parks its trucks at the location and keeps a watchman in attendance throughout the night. On the night of March 20, 1966 at about midnight a thief stole one of the trucks and was involved in a head-on collision a short distance away with a car driven by plaintiff's intestate. The thief was traveling the wrong way on a one-way street at the time. Both subdivision (a) of section 1210 of the Vehicle and Traffic Law and section 435–17.0 of the Administrative Code of the City of New York forbid the leaving of an unattended motor vehicle on the street without removing the ignition key. There are minor differences in language between these laws which could pose some questions as to what constitutes removal of the key, leaving a vehicle unattended, etc., but these questions need not detain us in this case, because on conflicting evidence the jury was justified in finding that these keys were actually left in the ignition and that the vehicle was unattended, although there may have been a watchman patrolling within a city block of it. However, a more serious question is presented as to whether either of these enactments applies to the location where this truck was parked. Subdivision 14 of section 1150–1.0 of the Administrative Code provides by way of definition that a "street" is "Any public street, avenue * * * driveway * * * crosswalk * * * place, *except marginal streets*" (italics supplied). In New York Jurisprudence (64 N. Y. Jur., Wharves, § 5) it is said: "In New York City, a marginal street is a street or avenue which is located along the waterfront and is intended to be a continuation or extension of the wharf system of the city. Although it has been held that a marginal street was not within the meaning of 'wharf property' as that term is defined in the New York City Administrative Code, for practical purposes a marginal street is simply a wharf or dock, or a marginal wharf, used in conjunction with, and in furtherance of, commerce and navigation. *It is not a public street*" (italics supplied). (See, also, *Matter of City of New York* [*Triborough Bridge*], 159 Misc. 617.) The Vehicle and Traffic Law defines "highway" (§ 118) and "street" (§ 148) in identical language and provides: "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." Section 1100 of the Vehicle and Traffic Law provides that title VII of that statute, which includes section 1210, applies upon highways and upon private roads open to *public motor vehicle traffic*. Since this rented space, where materials could lawfully be stored, was in no fair sense open to public motor vehicle traffic, there was no basis for the trial court's charge to the effect that the marginal street was governed by both of these two traffic laws. Later, in ruling on appellant's motion to set aside the verdict, the court observed, in

denying the motion, that it was no different from a private driveway where these regulations would likewise apply. I think this is much too broad a view of the evil that the statute was aimed at and the few decided cases on the subject do not support it. *General Acc. Group* v. *Noonan* (66 Misc 2d 528) squarely holds the opposite. *Guaspari* v. *Gorsky* (36 A D 2d 225) involved a case where a car was parked adjacent to a fire barn near a field in which a V.F.W. field day was taking place. The majority opinion held that the applicability of the statute to the particular locus had not been made an issue at the trial, or indeed on the appeal, and that therefore the court would not reach out and identify as fundamental error that portion of the charge to the jury which took the statute's applicability for granted. The inference here of course is that the statute might not have been applied had the issue been contested. In my opinion, to apply this statute to private property would require something quite explicit to that effect, especially in view of the traditional application of the Vehicle and Traffic Law to the public highway system. I would reverse the judgment and dismiss the complaint.