JOSEPH C. SHAPIRO, ESQ. Village Attorney, Margaretville
We acknowledge receipt of your letter in which you state:
 "The village is confronted with a hazardous situation whereby a sidewalk on private property requires fencing to keep children from falling into an adjacent stream. The property owner, after a request by the village, has refused to fence his property."
You inquire whether the village may surcharge the owner of the property for the cost of the fencing which is necessary for public safety.
A "sidewalk" is defined in Webster's New InternationalDictionary (Second Edition) as "A walk for foot passengers at the side of a street or road; a foot pavement; * * *". "Generally the sidewalk is included with the gutters and roadway in the general term street." (In re Burmeister, 76 N.Y. 174 [1879].) The word "street" is defined in Village Law, § 6-600, to include "a highway, road, avenue, lane or alley which the public have aright to use;" (emphasis supplied). Grass plots abutting on a street and between sidewalk and street are part of the "street". (Lyman v. Village of Potsdam, 228 N.Y. 398 [1920].) The term "street" is not necessarily limited to a traveled way used by vehicles but also includes sidewalks (People v. Lieberman,32 Misc.2d 741 [1961]).
Village Law, § 6-626, provides as follows:
 "All lands within the village which have been used by the public as a street for ten years or more continuously, shall be a street with the same force and effect as if it had been duly laid out and recorded as such."
Examination of Village Law, § 6-610, demonstrates that it is not necessary for the underlying title of the real property to be conveyed to or otherwise acquired by a village in order for the village to create a street. Many, if not most, village streets exist by virtue of an easement created by grant or prescription rather than by virtue of the village owning the underlying title. See, also, concerning highways by use, Highway Law, § 189.
Based upon the foregoing, we conclude that the sidewalk you mention is, in fact, a portion of a village street, regardless of ownership of the underlying title. This opinion is based upon that conclusion.
After having examined 26 N Y Jur, Highways, Streets, and Bridges, § 400; and McQuillin Mun Corp (3rd Ed), §§ 54.90a — 59.99; and the New York case law on the subject; we conclude and it is our opinion that it is the duty of a village to provide a safe street, including the portion thereof set aside as a sidewalk for use by pedestrians and that the duty includes fencing or providing a barricade when the sidewalk lies against, along or reasonable close to a stream, declevity or other hazard which is a danger to the public using the sidewalk.
In our opinion, the duty in this respect cannot be delegated to or imposed upon the adjoining land owners, even though the adjoining land owners may be required under certain circumstances to pay all or a portion of the cost of providing a sidewalk. The sidewalk and the fence or barricade are separate and distinct.
This opinion does not in any way relate to the incidence of liability to members of the public for personal injuries or property damage attributable to the absence of a proper fence or barricade or to the issue of damages for appropriation of real property in the event it is necessary to place a fence or barricade on private property.