OPINION OF THE COURT
Angelo Graci, J.
The plaintiffs, R.I.P.C. Corporation and Forest Hills Gardens *637 Corporation, commenced this action for a declaration that they have the right to tow trespassing vehicles from the area of Forest Hills Gardens to a garage facility in Kew Gardens and to impose a charge of $50 per vehicle before returning the car to its owner. In substance they are challenging the applicability to them of section 436-7.0 of the Administrative Code of the City of New York which requires all tow car operators, whether or not they only tow disabled cars, to obtain a license from the New York City Police Department. The defendant, City of New York, moves for summary judgment on its counterclaim that any towing from private streets within Forest Hills Gardens through public streets must be done by towers licensed by the police department and in conformity with its maximum fee schedule for licensed tow car operators. The plaintiff R.I.P.C. Corporation has cross-moved for summary judgment dismissing the counterclaim of defendant City of New York.
Forest Hills Gardens Corporation (hereinafter "FHGC”) manages a 175-acre private residential community located in Forest Hills, Queens. In the fall of 1977 FHGC hired R.I.P.C. Corporation (hereinafter "RIPC”) to tow automobiles "unlawfully” parked within that community on their "private” streets. These cars were towed through public streets to a garage in Kew Gardens approximately two miles away. The towed cars were stored in the garage until their owners redeemed them upon the payment of a $50 cash fee. RIPC does not have a New York City towing car license.
The City of New York has the power to regulate traffic on public streets and on private streets with public access (Matter of Love Towing v Beame, 93 Misc 2d 1064; Fieldston Prop. Owners Assn. v Bianchi, 29 Misc 2d 326). In Fieldston Prop. Owners’ Assn. v City of New York (16 NY2d 267), the Court of Appeals upheld the power of the police department to regulate, restrict or prohibit traffic, which includes parking on privately owned streets through which the motoring public has access. It has been conceded by the plaintiffs that the streets of FHGC are open to the public and they are subject to police department regulations. Therefore, RIPC’s tow-away program falls within the ambit of section 436-7.0 of the Administrative Code which requires towers to operate towing cars within the confines of New York City. The primary reason for the enactment of section 436-7.0 was "for the purpose of safeguarding the public against fraud, exorbitant *638 rates and similar abuses.” (Dikman v Johnson Co., 73 Misc 2d 883, 887; see, also, Matter of Fiorenti v Leary, 28 AD2d 702, affd without opn 21 NY2d 668; Campbell v WABC Towing Corp., 78 Misc 2d 671.)
While the statute refers to the towing of disabled automobiles, it is not to be so narrowly construed so that other towing operations are excluded. In Matter of Franks Towing Units v Murphy (Supreme Ct, Bronx County, June 26, 1972, Brust, J., affd 43 AD2d 907), the court rejected a narrow interpretation stating:
"It cannot be flatly said that a private property owner’s right to eject parked vehicles is not subject to regulation by the Police Department under section 1642(a)-15 of the Vehicle and Traffic Law or under section 436-7.0 of the Administrative Code.
"The construction offered does not take into consideration the public as a whole. Surely, the Legislature did not intend the statute to be limited to only one class of vehicles. It must be assumed that the statute was intended to prevent fraud and overcharges to the public in general, and not just the owner of disabled vehicles, as claimed by petitioner.”
Section 436-7.0 (subd b, par 2, cl [b]) of the Administrative Code has since been repealed making the licensing requirement applicable to all towing operators. (Local Laws, 1979, No. 15 of City of New York.)
Since RIPC’s towing-away program is subject to the licensing requirements of section 436-7.0, so is it subject to its fee standards set out in subdivision 1 of section 436-7.0 which provides: "i. Charges. Charges for towing shall be based on the distance that disabled motor vehicles are to be towed and shall not be based on the availability of towing car facilities or the estimated cost of repairs. Towing charges shall not exceed the following: First mile or part thereof, ten dollars. Each additional mile or part thereof, one dollar and fifty cents.” RIPC’s redemption fee of $50 is clearly contrary to regulations.
Admittedly, the police department in their own tow-away program charge a $50 fee for the removal and storage of illegally parked vehicles on the city streets. However, plaintiffs’ reliance on the police department’s redemption fee as evidence of the reasonableness of their own is misplaced. The *639 apparent discrepancy between the maximum fee schedule of subdivision i of section 436-7.0 and the fee set by the police is readily distinguishable and has been upheld as not beyond the authority of the city. (Matter of Freidus v Leary, 66 Misc 2d 70, revd on other grounds 38 AD2d 919, affd 32 NY2d 869.) The difference reflects the fact that "[t]he city tow-away program does have a different objective [and] is different in scope and volume”. (Matter of Freidus v Leary, supra, p 74.)
The question of the reasonableness of towing fees was also raised in Dikman v Johnson Co. (73 Misc 2d 883, supra). In Dikman, the plaintiff’s car was towed from defendant’s private parking lot through public streets to a public garage. Although the court determined that the plaintiff was not liable for any towing fee because there was no proper notice of the consequences of leaving his car in defendant’s lot, it indicated in an obiter dictum that despite the reference to "disabled vehicles” in section 436-7.0, the rate schedule and "reasonable profit” requirement of the section apply to towers of cars from private property. The court noted that "what apparently would be reasonable for towing disabled vehicles as a matter of public interest and safety, would also appear to be reasonable for towing nondisabled but overtime-parked vehicles not otherwise blocking public traffic.” (Dikman v Johnson Co., supra, pp 886-887.)
The intent of section 436-7.0 is to protect the public from exorbitant towing fees. The court in Dikman stated that the "[investigation of the towing car business leads to the inevitable conclusion that it is necessary that maximum charges must be established for the services rendered by towing car operators and owners which will afford a reasonable proñt and at the same time protect the public from fraud, exorbitant rates.” (Dikman v Johnson Co., supra, p 887.)
Accordingly, the motion and cross motion for summary judgment are disposed of as follows. The motion by the plaintiff for summary judgment is denied. Judgment is granted to the defendant declaring that the police department has the authority to regulate traffic within Forest Hills Gardens Corporation and, therefore, R.I.P.C. Corporation’s activities are subject to the licensing and fee provisions of section 436-7.0 of the Administrative Code.