Jerome A. Mirabito, Esq. City Attorney, Fulton
You ask whether a city may enact an ordinance establishing a two hour limit on off-street parking in residential districts for vehicles weighing in excess of ten thousand pounds.
You state that tractor trailers and other large commercial vehicles parked in residential districts are being operated throughout the night and that such activity has created a noise problem that the common council wishes to control. In a telephone conversation with this office, you indicated that these vehicles are being parked on a vacant lot which is privately owned. It is our understanding that the city has enacted an ordinance regulating on-street parking.
There is no statutory authority that specifically empowers a city to regulate parking on private property, with the exception of the limited authority provided in Vehicle and Traffic Law, § 1640-a in relation to traffic regulations at hospitals, shopping centers and private apartment or condominium complexes. See also, 1957 Op Atty Gen [Inf] 59, 1980 Op Atty Gen [Inf] 176. Sections 1640(a)(6) and (16), 1641 and 1642 of the Vehicle and Traffic Law, which authorize the regulation of traffic by cities, are applicable only to highways and to private roads open to public motor traffic. See also, Forest Hills Gardens Corp. v New YorkCity, et al., 103 Misc.2d 636 (Sup Ct, Queens Co, 1980). In general, the statute is otherwise not applicable to private property (Watts v ColonialSand Stone Co., Inc., 38 A.D.2d 762 [2d Dept, 1972]). We assume that the vacant lot with which you are concerned is not subject to regulation under the Vehicle and Traffic Law.
We have previously stated that the absence of specific authority to regulate parking on private property does not, however, mean that a municipality may not enact a local law pertaining to that subject (1957 Op Atty Gen [Inf] 59; 1980 Op Atty Gen [Inf] 176). Under the general grant of police power to local governments, a city may adopt a local law not inconsistent with the Constitution or any general laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (NY Const, Art IX, § 2[c][ii][10]; Municipal Home Rule Law, § 10[1][ii][a][12]). Section 20 of the General City Law empowers cities:
 "13. To maintain order, * * * protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city. * * *
* * *
 "22. To regulate by ordinance any matter within the powers of the city * * *."
We are of the opinion that a local law or ordinance restricting parking on private property is within this grant of police power. It is inappropriate, however, for us to pass on the details of a proposed local law or ordinance, since this determination depends upon the facts and circumstances and the character of the enactment (Wulfsohn v Burden,241 N.Y. 288 [1925]).
The police power is the obverse side of a coin the reverse of which are the constitutional restrictions on denial of due process of law and denial of equal protection of the laws (U.S. Const, Amdt XIV; N Y Const, Art I, §§ 6 and 11). The State and its home-rule municipalities may exercise this power to regulate so long as the regulation does not run afoul of these restrictions. In general, the regulations may not be arbitrary and capricious (Wiggins v Town of Somers, 4 N.Y.2d 215 [1958]) or unreasonably classify persons or property for different treatment (Five Boro Elec. Contractors Assn. v City of New York, 61 Misc.2d 1050
[Sup Ct, New York Co, 1970], affd 37 A.D.2d 807 [1st Dept, 1971], affd33 N.Y.2d 676 [1973]). Also in general, particularly in regulating the use of property, regulatory laws are presumed to be constitutional. This means that one who alleges unconstitutionality has the burden of proving that the law is arbitrary, capricious, or unreasonable (Cook v City ofBinghamton, 48 N.Y.2d 323 [1979]).
In cases involving relatively new or unusual regulations, which may be the situation you present, it would be well for your common council to make appropriate findings as to the necessity and reasonableness of your proposed ordinance as an appropriate means of promoting the health, comfort, and general welfare of the city's residents.
We conclude that a city may enact a local law or ordinance regulating parking on private property in residential districts where warranted under the police power.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.