BEHM v. DAMM et al.

(Supreme Court, Appellate Term. January 17, 1905.)

1. MASTER AND SERVANT—RIGHT TO DISCHARGE—REMOVAL OF BELONGINGS.
   An employer may at any time dismiss a janitress or servant in his building, and he may put out her furniture if she refuses to remove it, but he cannot, in so doing, forcibly destroy or injure the furniture.

2. DAMAGES—PERSONAL PROPERTY—EVIDENCE—COST AND USE.
   In the absence of better proof, evidence of the cost of articles, and further evidence of the amount that they have been used, is a basis for the estimation of damages resulting from the destruction of the articles.

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Julia Behm against Frederick Damm and others. From a judgment for defendants, plaintiff appeals. Reversed as to defendant Damm.

Argued before SCOTT, MacLEAN, and DAVIS, JJ.

Cornelius J. Earley, for appellant.
Max Monfried, for respondents.

PER CURIAM. There was sufficient conflict of evidence to require submission to the jury. The defendant's position was that of janitress or servant, and the landlord had an undoubted right at any time to dismiss her, and, if she refused to remove her furniture, to put it out. This, however, did not include the right to forcibly destroy or injure the furniture. If her testimony is to be believed, the defendant Damm committed a wanton trespass. The

complaint against the other defendants was properly .dismissed, but as to Damm we think it should have been left to the jury to say whether he gave plaintiff reasonable opportunity to remove her goods before he broke into the wall. Her evidence as to damage was imperfect, but defendant did not raise that question, or the defects might have been supplied. In the absence of better proof, evidence of the cost of the articles, with further evidence of the amount of use they had had, is some evidence from which the jury can estimate damage.

As to Damm, the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. As to the other defendants, the judgment should be affirmed.