■ In the Matter of RALPH E. FREIDUS, Respondent, v. HOWARD R. LEARY, as Police Commissioner of the City of New York, et al., Appellants.— Judgment, Supreme Court, New York County entered May 5, 1971, reversed, on the law and the facts, without costs and without disbursements, and the petition dismissed. Special Terms holding annulling the penalty of $50 imposed upon petitioner-respondent in connection with having illegally parked his car, necessitating towing, was based upon section 1204 of subdivision (c) of the Vehicle and Traffic Law, which refers to "a reasonable cost for removal and storage". Special Term's attention was not called to the provisions of section 1642 (subd. [a], par. 20) of the same law, which provides a much broader range of costs which may be included in "the fixing of reasonable charges". The various items of cost urged by appellant fall within these specifications, and their total exceeds, when averaged per case, the amount of the fine. Applying the appropriate statute, we render the judgment which should have been granted on the facts as gleaned from the record. (See CPLR 5522; Society of N. Y. Hosp. v. Burstein, 22 A D 2d 768.) Concur — McGivern, J. P., Markewich, Murphy and Tilzer, JJ.; Kupferman, J., dissents in the following memorandum: I would affirm on the opinion of Judge Greenfield at Special Term. A Judge who drives a car may not close his eyes to the cost of towing any more than he can avoid the cost of living. For the City of New York to attribute so many of its expenditures to this one function does not thereby make it so. The Consumer Frauds and Protection Division of the New York State Attorney-General's office and the New York City Department of Consumer Affairs should have been requested to consider the problem. [66 Misc 2d 70.]