OPINION OF THE COURT
Seymour Schwartz, J.
Plaintiff sues to recover damages for "stickers” plastered on his motor vehicle by defendant’s agents on numerous occasions.
*992 Plaintiff is the proprietary lessee of a Mitchell-Lama cooperative apartment in premises owned by defendant. The parties entered into a separate lease permitting plaintiff to park his motor vehicle in an assigned space in an open-air parking lot managed by defendant. Tenant was issued an identification decal for his motor vehicle so that defendant’s employees could recognize his right to his assigned location.
Plaintiff testified that because he was engaged as a real estate broker in the community he did not want people to know where he lived and therefore refused to affix the decal. As a result, on numerous occasions his motor vehicle was plastered with signs stating, in part: "you are illegally
PARKED. YOUR VEHICLE IS LIABLE TO BE TOWED AWAY AT OWNER’S expense (without notice).” Four photographs were introduced in evidence showing at least 11 stickers plastered on plaintiff’s vehicle including the entire length of the windshield. The .stickers are large, approximately 1 foot by 1 foot and are deliberately made difficult to remove. Neither the lease agreement nor the rules and regulations of the co-operative authorize the use of stickers.
Plaintiff contends that he has good reason to avoid the use of the identifying decal but does not deny that the decal is mandated by the lease and rules and regulations of the cooperative. He maintains that a check of his license plate with the list kept in the security office would suffice to demonstrate that he was using his particular parking space as an authorized licensee.
Defendant contends that it manages more than 900 parking spaces and that the use of an identifying decal, as set forth by the rules and regulations of the co-operative, is a reasonable and practical way to keep unauthorized persons from using the parking lot. It further contends that towing an unauthorized vehicle is permissible and therefore plastering a warning sign or sticker threatening removal is less burdensome and therefore appropriate.
There is no question that the signs are large and difficult to remove. They are placed to obstruct the driver’s vision and they must somehow be removed before a driver may safely operate his motor vehicle. It is clear that the signs are meant to be a forceful and sharp reminder that only identified lessees authorized to use the space may do so.
While this action may be decided on the narrow ground of plaintiff’s rights as a licensee, nevertheless, a broader ruling *993 covering nonlicensees as well is appropriate in such a matter of public interest.
The court assumes that defendant’s agents did not know that plaintiff was an authorized licensee and that plastering the signs on his car was not an intentionally malicious act but done to manage the parking lot consistent with the real and recurring problem of unauthorized parked motor vehicles.
The issue to be determined is the scope of action available to a landowner when personalty trespasses on his land.
In such circumstances the landowner is privileged to deal with the personalty in a manner which would otherwise be a trespass or a conversion if the act is reasonably necessary to protect the actor’s interest and the harm inflicted is not unreasonable compared to the harm threatened. (Behm v Damm, 91 NYS 735; Restatement, Torts 2d, § 260, subd [1].) But the actor may be liable if he uses unreasonable force which causes harm to the chattel (Harper & James, Torts [1956], § 2.39), though he is not liable for any harm necessarily or accidentally resulting. (Restatement, Torts 2d, § 260, Comment on subd [1], par b).
Thus the defendant has the right to tow the car away but it must do so with due care. It does not follow, however, that plastering of stickers is permissible, though it may be argued that it is less of an interference than towing. The particular interest the landowner seeks to protect gives rise to the scope of his permissible action. Here the landowner chose not to tow but to warn; therefore a plastered sticker is not necessary. A note affixed by string or pasted by one corner on a spot which does not interfere with the driver’s vision is all that is necessary to warn. The plastering of stickers as done here is a punishment, constitutes interference with the motor vehicle beyond the penumbra of the landowner’s interest and is unlawful. In these circumstances the landowner may not indulge in self-help and act as prosecutor, Judge and jury. Further its conduct is dangerous to driver and public since it may interfere with the driver’s vision.
A landowner is not without recourse. Here, as to plaintiff-licensee, it may terminate the lease for failure to display the identification decal, it may renegotiate the lease at its expiration, refuse to renew or amend the rules and regulations to permit the plastering of stickers. While this is not feasible as to a trespasser, it may as to either a trespasser or a licensee tow the vehicle away.
*994 Plaintiff has established that on many occasions he was forced to hire someone to remove the plastered stickers or to remove them himself.
Judgment for plaintiff in the sum of $100.