*757 OPINION OF THE COURT
Paul H. Blaustein, J.
Plaintiff, employed in the City of White Plains, brings this small claims action against defendants Ventresca Bros. Constr. Co., Inc. (Ventresca) and Bill’s Auto and Commercial Towing, Inc. (Bill’s Towing), owners of the Mid-Center Shopping Center (shopping center) and towing companies, respectively, for recovery of $113.40 he paid to Bill’s Towing when his car was towed from the shopping center. The shopping center is located in the Town of Greenburgh.
There was a heavy snowfall on Sunday evening, January 22, 1978, and it was difficult for plaintiff to park in the facilities provided at his apartment house. He parked across the street in the shopping center, intending to remove his car in the morning. This was a private parking lot used for the convenience of customers at the shopping center. There were clear notices that cars would be towed away if left overnight. When plaintiff arrived in the early morning to remove his car, he found it had been towed away by Bill’s Towing. He was charged $113.40 which comprised a $100 towing charge, a $5 storage charge, and the balance taxes.
While no written agreement was introduced between Ventresca and Bill’s Towing, based upon the oral testimony presented which was unrebutted, and the fair inferences from such testimony, the following two facts are found. First, Bill’s Towing had an agreement to tow away violators and hence was acting pursuant to Ventresca’s authorization; and, second, that Bill’s Towing would receive $100 plus storage, either from the car owner or from Ventresca.
In claiming a refund of the moneys paid, plaintiff contends that the severe snowstorm excused his conduct in parking in the shopping center overnight, and also that the charges made were unreasonable and exorbitant.
Under the Vehicle and Traffic Law, local municipalities have the authority to provide for the removal of vehicles parked at shopping centers during a snowstorm as well as for the payment of reasonable charges for such removal and storage by the vehicle owner. (Vehicle and Traffic Law, § 1640-a, subd 8; § 1660-a, subd 8.) Since the local municipality has not adopted any legislation pursuant to this statute, liability must be determined under the common law. It is to be noted, however, that the Legislature does not see any justification to parking at a shopping center during a snowstorm.
*758 This court reluctantly finds that the plaintiff was trespassing in parking on private property and the snowstorm does not justify the trespass. Further, the owner of the shopping center has the corollary right to remove any car so parked. The rule is stated in CJS, Trespass (vol 87, § 45, subd a): "He [the owner] may remove chattels which are wrongfully on his land, if he uses due care in the removal. The removal should be effected with as little injury to the chattels removed as is possible, and without the exercise of excessive force.”
In Reed v Esplanade Gardens (91 Misc 2d 991) plaintiff sued to recover damages for stickers that were plastered on his car. These stickers stated that the car was illegally parked and may be towed away at the owner’s expense. While the court held that there was no right to plaster stickers on a car, the right to tow away a trespassing car was recognized. In reviewing the authorities, the court stated: "Thus the defendant has the right to tow the car away but it must do so with due care.” (Reed v Esplanade Gardens, 91 Misc 2d 991, 993, supra.)
While plaintiff here is not a willful trespasser considering the severity of the storm, still, he was violating the owner’s property and is liable for damages. The measure of damages is actual or special damages incurred. Even the most innocent of trespassers is liable for nominal damages as a minimum. (87 CJS Trespass, § 117.)
Based upon the evidence presented, Ventresca would be liable to Bill’s Towing for the $113.40 towing and storage charge, if not paid for by the car owner. This amount constitutes Ventresca’s damages.
It is not necessary to determine whether such an amount constitutes reasonable damages as that is not the standard to be employed. However, it is necessary to determine whether these damages are exorbitant or constitute a windfall.
There is some support to plaintiff’s contention that the total $113.40 charge is quite high. In Freidus v Leary (38 AD2d 919, affd 32 NY2d 869), it was held that a tow-away charge of $50, effective as of June 1, 1970, was a reasonable towing charge. The actual cost per tow in that case was computed to be $53. In determining reasonableness, removal, storage and "other expenses incurred therewith” were considered. The "other expenses” related to a wide variety of administrative costs.
Yet, Freidus was decided under economic conditions prevailing well over five years ago, and inflation during these years is a fact of life. Further, in computing reasonableness of tow *759 charges from private property by a private towing company, some amount must be included as a fair business return. If reasonableness is to be the standard of measuring the fairness of towing charges, it is for the respective municipalities to enact proper legislation to regulate tow charges.
While the rates charged in New York City were lower than those presented here, they do not take into account the intervening inflationary years. Further, they do not take into account the fact Bill’s Towing had to have available special equipment to remove cars during a heavy snowfall or the right of Bill’s Towing to a businessman’s profit. The court is of the view that a charge greater than the $50 authorized in Freidus is warranted here, but, based upon the evidence presented, a towing charge above $75 is deemed to be excessive. Actual damages for towing will be limited to this amount. As stated, no finding is required or made as to whether such charges are reasonable based upon a careful accounting study of the towing company’s costs, or upon an adequate showing of competitive conditions.
Actual damages are therefore calculated as follows: towing, $75; storage, $5; tax, $6.40, or a total of $86.40. Plaintiff is thus entitled to $27.
Judgment for plaintiff, against Bill’s Towing in the amount of $27. No costs to either party.