Hon. Morley C. Townsend Hanover Town Counsel
This is in reply to your request regarding whether the Town of Hanover has authority to enact a local law which will permit its police officers to enter upon private property for the purpose of removing vehicles that have been left there by trespassers. This, you state, would be done only at the request of the property owner. You further request our opinion whether the enactment of such a local law, in the nature of a parking regulation, would be necessary to accomplish this purpose.
The regulation of the use of public highways by motor vehicles is an area that has long been preempted by the State (e.g., Vehicle and Traffic Law, §§ 1600, 1604; People v Grant, 306 N.Y. 258, 260 [1954]). Section1604 of the Vehicle and Traffic Law, which preempts the regulation of motor vehicle traffic on public highways, does not refer to the regulation of traffic on private property. Section1600 of the Vehicle and Traffic Law does, however, prohibit local authorities from enacting, without specific authorization, ordinances or other local laws that are in conflict with any provisions of the Vehicle and Traffic Law.
Section 1660-a of the Vehicle and Traffic Law provides limited authority for towns to regulate parking in specified private parking areas, driveways and streets, but only with respect to shopping centers and private apartment or condominium complexes. There is no other provision of the Vehicle and Traffic Law that authorizes the regulation of parking on private property. While section 130, subd 7, of the Town Law authorizes towns to regulate parking on streets, sidewalks and public places, it does not specifically authorize the regulation of parking on private property.
The absence of specific authority to regulate parking on private property does not, however, mean that a town may not enact ordinances protecting private property in the Town (see, 1957 Op Atty Gen [Inf] 59) so long as they are not in conflict with either the Vehicle and Traffic Law or the Town Law. Section 130 of the Town Law, which is the general grant of police power to towns, includes an authorization to adopt ordinances, rules and regulations, not inconsistent with law, for the following purpose:
 "15. Promotion of public welfare. Promoting the health, safety, morals or general welfare of the community, including the protection and preservation of the property of the town and of its inhabitants,
and of peace and good order, * * *". (Emphasis added.)
Significantly, towns have specific authority pursuant to subdivision 19 of section 130 of the Town Law to enact ordinances prohibiting "trespass to public and private property, for the purpose of protection and preservation of the property of the town and of its inhabitants and of peace and good order."
As you indicate in your letter, a person who, without permission, leaves his motor vehicle on property belonging to another may be guilty of trespass (Penal Law, § 140.05; cf. People v Popack, 14 N.Y.2d 566
[1964]). A person entering "unimproved and apparently unused land" without permission is guilty of trespass where he has been given personal notice against trespassing or the property is posted in a conspicuous manner (Penal Law, § 140.00, subd 5).
It is thus clear that a person who is guilty of trespass because of the circumstance under which he left his car on the property of another person would be subject to the penalties prescribed in the Penal Law for a violation. No local ordinance would be necessary to impose such penalties. However, no provision in the Penal Law or the Criminal Procedure Law would specifically authorize the towing away of cars left on private property by trespassers.
While no specific provision of law authorizes the towing of motor vehicles in the circumstances which you propose, under proper circumstances a property owner could have a private towing service remove a car which was left on his property and then recover the reasonable costs of towing and storage from the owner of the vehicle (Rossi vVentresca Bros. Constr. Co., 94 Misc.2d 756, 758 [White Plains City Ct, 1978]; Reed v Esplanade Gardens, 91 Misc.2d 991, 993 [Civ Ct, City of NY, N Y Co, 1977], affd 93 Misc.2d 71 [App Term, 1st Dept, 1978]). Additionally, a motor vehicle may be deemed abandoned if it is left on the property of another for more than ninety-six hours without permission (Vehicle and Traffic Law, § 1224, subd 1, par [d]). An abandoned car could be removed by local authorities.
Your inquiry indicates that the Town of Hanover is contemplating removing vehicles which have not been left on private property long enough to be considered "abandoned vehicles" within the meaning of the Vehicle and Traffic Law. This office has expressed the opinion that the general police power granted to villages provides authority for the removal of vehicles that are delinquent on parking violation tickets (1977 Op Atty Gen [Inf] 245). We are of the opinion that under the grant of power in subdivision 15 of section 130, quoted above, a town could pass a trespass ordinance providing for removal of cars parked on private property in violation of the ordinance. Such an ordinance would, of course, have to be uniform throughout the town (1957 Op Atty Gen [Inf] 59), and adequate notice would have to be given to potential violators. The stated purpose of the ordinance would have to be to protect the property of the town's inhabitants and to preserve peace and good order. An attempt by the town simply to regulate parking on private property for the benefit of specific private individuals would be invalid as a gift of the town's money or property for the benefit of individuals (New York State Constitution, Art VIII, § 1).
Finally, this office expresses no opinion regarding the potential liability of the Town for cars which are improperly removed or for cars that are damaged in the process of removal from private property.