Bruce W. Musacchio, Esq. Town Attorney, Collins
I am writing in response to your request for an opinion as to whether the Town of Collins may regulate parking at a State psychiatric center located within the town.
As stated in your letter, the Gowanda Psychiatric Center is located within the Town of Collins. The Psychiatric Center is seeking to alleviate its parking problem by having its security officers issue parking tickets to those automobiles illegally parked in its lot. It has been proposed that these tickets be answerable in the Town of Collins. Your letter notes that under the Vehicle and Traffic Law, towns are prohibited from regulating parking on State highways (Vehicle and Traffic Law, § 1660; 1982 Op Atty Gen [Inf] 185). You have asked whether this prohibition also precludes a town from regulating parking on state-owned property within the town.
The regulation of the use of "public highways" by motor vehicles is an area that has long been preempted by the State (e.g., Vehicle and Traffic Law, §§ 1600, 1604; People v Grant, 306 N.Y. 258, 260 [1954]). In addition, section 1660 of the Vehicle and Traffic Law prohibits local authorities from enacting, without specific authorization, regulations that are in conflict with any provisions of the Vehicle and Traffic Law.
The Vehicle and Traffic Law defines "public highway" as any "highway, road, street, avenue, alley, public place, public driveway or any other public way" (Vehicle and Traffic Law, § 134). "Highway" in turn, is defined as:
 "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel" (id., § 118).
We have concluded in the past that these definitions, although broad, do not include parking lots or areas (1983 Op Atty Gen [Inf] 179; see Peoplev Kraushaar, 195 Misc. 487 [Dist Ct, Nassau Co, 1949]).*
Section 1660-a of the Vehicle and Traffic Law provides limited authority for towns to regulate parking in specified private parking areas, driveways and streets. The section applies only to shopping centers, fire station property and private apartments or condominium complexes, and allows the town board to regulate parking only after a request to do so from the property owner or person in charge of the operation. In addition, subdivision 7 of section 130 of the Town Law authorizes towns to regulate parking on streets, sidewalks and public places. Although none of these provisions specifically address the authority of a town to regulate parking in parking lots on State-owned property within the town, we believe that the authority does exist under the towns' police power (Town Law, § 130).
In a 1980 opinion, we concluded that the absence of specific authority to regulate parking on private property does not mean that a town may not regulate parking on private property in the town (1980 Op Atty Gen [Inf] 176; see 1957 Op Atty Gen [Inf] 59). Any regulations, however, cannot be in conflict with the Vehicle and Traffic Law or the Town Law. We concluded that the general grant of police power to towns under Town Law, § 130 is sufficient to enable a town to regulate parking on private property, if asked to do so by the property owner (1980 Op Atty Gen [Inf] 176, 177). We also found that because a private property owner may have trespassing vehicles towed from his property (Rossi vVentresca, 94 Misc.2d 756, 758 [White Plains City Ct, 1978]), the town could perform this service for property owners, if asked to do so.
For similar reasons, we conclude here that a town may, if asked by the appropriate governing board of the State facility, regulate parking on the grounds of the facility. The same policy considerations which exist with regard to town regulation of parking on private property apply to parking in State facility parking lots. We note, however, that such power extends only to parking areas on the State facility. State highways on the grounds would not be subject to local regulation (1982 Op Atty Gen [Inf] 185). Furthermore, any regulation would have to be uniformly applicable throughout the town (1957 Op Atty Gen [Inf] 59).
We conclude that a town may, if it wishes, regulate parking on the grounds of a State facility if asked to do so by the appropriate governing board of the facility.
* Section 1623 of the Vehicle and Traffic Law governs regulation of traffic on the grounds of State hospitals and other State institutions, and provides, in relevant part, as follows;
 "(a) Upon the application of the head of any state department, upon the application of the board of trustees of the state university of New York and upon the application of the board of visitors or other similar board or body of a state hospital or state institution, the department of transportation may by order, rule or regulation prohibit, restrict or regulate traffic on or pedestrian use of any highway
on the grounds of the department, institution or institutions over which the department head, board or body making such applications has jurisdiction" (emphasis supplied).
This provision, however, applies only to highways on the grounds of these facilities. Nothing in the statutory language or case law indicates that this procedure should apply to parking areas on the grounds.