■ GERALD ZISHOLTZ et al., Respondents, v ANYTIME AUTO TOWING, INC., et al., Appellants. [651 NYS2d 144] —In an action to recover damages in connection with the towing of the plaintiffs' vehicle, the defendant Wall Realty, Inc., and the defendants Anytime Auto Towing, Inc., and Barry Broder, separately appeal from a judgment of the Supreme Court, Nassau County (Clavin, J.H.O.), entered September 19, 1995, which, after a nonjury trial, is in favor of the plaintiffs and against them in the principal sum of $8,000.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof which awarded the plaintiffs the sum of $8,000 with interest and substituting therefor a provision awarding the plaintiffs the sum of $108.25 with interest; as so modified, the judgment is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an amended judgment accordingly.

The evidence in the record establishes that the defendant Wall Realty, Inc., had the right to have the plaintiffs' vehicle towed from its private property (*see, Rossi v Ventresca Bros. Constr. Co.,* 94 Misc 2d 756; 104 NY Jur 2d, Trespass, § 34; *see also, Fieldston Prop. Owners' Assn. v City of New York,* 16 NY2d 267; *cf., Dikman v Howard Johnson Co.,* 73 Misc 2d 883). The court's determination to the contrary was against the weight of the credible evidence. The testimony elicited at the trial, including that of the plaintiff Gerald Zisholtz, established that signs were posted in the shopping center, which was located in Queens, advising patrons that vehicles which violated the parking restrictions would be towed. Administrative Code

of the City of New York § 19-169.1 (b), which requires owners of private property to post certain specific information before vehicles may be towed, did not take effect until after this incident (*see*, Local Laws, 1991, No. 21 of the City of New York).

The plaintiffs did establish, however, that the defendant Anytime Auto Towing, Inc. (hereinafter Anytime), which towed their vehicle from the shopping center, was not properly licensed (*see*, Administrative Code § 20-496). Accordingly, the plaintiffs were entitled to $108.25, the amount of the fee charged by Anytime to redeem their vehicle (*see, e.g., Dikman v Howard Johnson Co., supra*). The award of additional damages by the court is not supported by the record. Accordingly, we modify the judgment by reducing the damages awarded to the principal sum of $108.25.

The defendants' remaining contentions are either academic in view of our decision or without merit. Bracken, J. P., Copertino, Santucci and Joy, JJ., concur.