Fuld, J.
The plaintiff owns the streets here involved in fee and has obligated itself, by contracts with the abutting homeowners, to maintain and repair them until such time as title is acquired by the city. Although the plaintiff has permitted the public to drive on and over the streets for many years, the city has neither taken title nor ever sought to keep them in repair at public expense. The gravaman of the complaint is that the municipal authorities have taken it upon themselves to permit, as well as prohibit, public parking on these privately *269 owned streets and this, the plaintiff claims, amounts to a taking of “ private property * * * for public use without just compensation ” (N. Y. Const., art. I, § 7, subd. [a]; see U. S. Const., 5th and 14th Amdts.) and an impairment of the contractual obligation existing between the plaintiff and the abutting homeowners (U. S. Const., art. I, § 10).[1]
To the extent that the municipality prohibits parking on these streets, we see no constitutional infirmity in the applicable statutes which empower the city to “ prohibit, restrict or regulate traffic ” on the highways — including a “ private road open to public motor vehicle traffic ” (Vehicle and Traffic Law, § 1642) — “ for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health ” (New York City Charter, § 435). These are appropriate objectives for exercise of state police power and, undoubtedly, the power tp “ regulate traffic” includes the power to prohibit “ parking ”. (See People v. Rubin, 284 N. Y. 392.) Since the city acknowledges that its parking regulations are ‘ ‘ prohibitive ” rather than “ permissive ”, we are not required to decide whether, under the Federal and State Constitutions, it may sanction parking on these privately owned streets over the plaintiff’s objection. The plaintiff is entitled to a declaration, therefore, that municipal regulation of parking on these streets does not prevent the plaintiff, as the owner of the fee, from barring parking altogether. The police, of course, are obligated (and empowered) to enforce only the city parking regulations but the plaintiff, on proper notice, may assure compliance with its rules by rigorous use of traditional common-law remedies.
The order appealed from should be reversed and the matter remitted to the Supreme Court, Bronx County, for the entry of a judgment declaring the rights of the parties in accordance with this opinion.

. In an earlier action against persons actually parking on the streets, we refused to pass upon “ plaintiff’s rights with respect to police participation connected with parking ” absent joinder, as parties, of the City of New York or its officials. (Fieldston Prop. Owners’ Assn. v. Bianchi, 13 N Y 2d 699, 700.)