■ FOREST HILLS GARDENS CORPORATION et al., Appellants, v SAMUEL R. KOWLER et al., Defendants, and CITY OF NEW YORK, Respondent. — In an action to declare that plaintiffs have the right to tow to a garage vehicles that have been parked by nonresidents in the area known as Forest Hills Gardens and to charge $50 for the redemption of each of said vehicles, plaintiffs separately appeal from an order of Supreme Court, Queens County, dated April 25, 1980, which (1) denied their cross motions for sum-

mary judgment and (2) granted the motion by defendant City of New York for summary judgment, decreeing that the towing of such vehicles is subject to the licensing and fee provisions of section 436-7.0 of the Administrative Code of the City of New York. Order reversed, on the law, without costs or disbursements, defendant City of New York's motion for summary judgment is denied, plaintiffs' cross motions for summary judgment are granted to the extent that it is declared that plaintiffs have the right to tow vehicles of nonresidents of Forest Hills Gardens from Forest Hills Gardens to a nearby garage and the action is remitted to the Supreme Court, Queens County, for determination as to the reasonableness of the charge of $50 for redemption of each of the said vehicles. Plaintiff Forest Hills Gardens Corporation (FHGC) is the owner and maintains the streets of the area known as Forest Hills Gardens, which encompasses some 900 homes. It also maintains its lights and sewer systems. It has placed some 225 signs throughout the area stating that the streets are private, that parking by unauthorized vehicles is forbidden, and that if parked they will be towed away at the owner's expense. This was after various programs short of towing had been found to be incapable of preventing nonresidents from parking on its streets. In furtherance of this, FHGC entered into an agreement with its alter ego, R.I.P.C. Corporation, to tow such parked vehicles to a nearby garage and to charge $50 to the owner for redemption of his vehicle. Where a similar community was faced with the same problem, the Court of Appeals stated in *Fieldston Prop. Owners' Assn. v City of New York* (16 NY2d 267, 269) that "the plaintiff, on proper notice, may assure compliance with its rules [prohibiting parking by nonresidents] by rigorous use of traditional common-law remedies." The towing of such vehicles in the instant case to a nearby garage is well within the self-help ambit of "rigorous use of traditional common-law remedies". However, a trial is necessary to determine the reasonableness of the redemption fee. Section 436-7.0 of the New York City Administrative Code does not apply, because, *inter alia,* subdivision b (par 4) thereof limits its application to the moving of a vehicle "that requires towing because of accident, or because it is unable to proceed under its own motive power." Titone, J.P., Lazer, Gulotta and Margett, JJ., concur. [103 Misc 2d 636.]