SAMUEL J. D'ANGELO, Appellant, v MARY COLE et al., Constituting the Village Board of the Village of Avon, et al., Respondents.

Fourth Department, June 4, 1985

#### APPEARANCES OF COUNSEL

*James McCann* for appellant.

*Dennis S. Cohen* for respondents.

#### OPINION OF THE COURT

Per Curiam.

In an action against the Village of Avon and the members of the Village Board, plaintiff, an owner of a private road in the village, seeks a judgment declaring unconstitutional and enjoining enforcement of an ordinance adopted on May 8, 1980 entitled "Maintenance of Private Roads". The ordinance establishes certain standards for the maintenance of "every road, lane, way or place in private ownership which is open to free, unrestricted use and general right of passage by the public for motor vehicle traffic." In the event of noncompliance it authorizes the village upon notice to the owner to make the necessary repairs and to recover the cost from the owner in a civil suit. Pursuant to the ordinance the village caused repairs to be made to plaintiff's private road and in a counterclaim seeks to recover the amount expended, $8,374.49. After a nonjury trial the court, holding the ordinance to be constitutional by implication but without making a specific declaration, granted judgment on the counterclaim

in the amount of $5,000. There should be a reversal and a declaration that the ordinance is unconstitutional as an unreasonable exercise of police power.

In a preamble entitled "Legislative Intent", the ordinance sets forth the following declarations: that properly maintained roads in use by the general public are "of importance to the health and safety of the inhabitants of this Village"; that the safeguarding of the public against "unwarranted dangers and hazards in said roads" is essential to the general welfare; and that improperly maintained private roads "can create serious hazards increasing the risk of injuries to passengers in motor vehicles, pedestrians and personal property".

The maintenance provisions are as follows:

"1. Potholes. It shall be unlawful for any owner of a private road to permit potholes to form, in a private road, which are more that [*sic*] 3″ deep; 8″ in diameter; or so numerous as to constitute a hazard to motor vehicle traffic.

"2. Dust. It shall be unlawful for an owner to permit the private road to be in a condition whereby dust is stirred up by motor vehicles during the normal use of the private road creating a risk of impairing the vision of motorists using the private road.

"3. Mud. It shall be unlawful for the owner of a private road to permit a condition to exist on a private road whereby the splashing of mud during the normal use of the private road creates a risk of impairing the vision of motorists using the private road or that the mud creates a risk of motor vehicles becoming stuck.

"4. Grading and Drainage. *All private roads shall be crowned so that the center of the private road is at least 6″* higher than either of the edges of the roadway. It shall be unlawful for the owner to permit the road to be in a condition whereby standing water collects on the road.

"5. Materials. *All private roads shall be paved or have a minimum base of 18″* of bank run gravel and a minimum of 6″ of crusher run gravel top. Private roads which are not paved or covered with gravel as hereinabove provided shall be unlawful." (Emphasis added.)

The ordinance prescribes that each "violation of any provision of [the ordinance] shall constitute a violation pursuant to the Penal Law" and that for "every violation of any provision of this Chapter, the Owner shall be subject to a fine of not more than

Two Hundred Fifty Dollars ($250.00) and/or imprisonment of not more than fifteen (15) days as provided in the Penal Law."

The general rule is that an enactment which deprives a citizen of his right to use his property as he chooses cannot be sustained under the police power "if there is no reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end" (*French Investing Co. v City of New York,* 39 NY2d 587, 596, *appeal dismissed* 429 US 990; *see generally,* 16A Am Jur 2d, Constitutional Law, § 387; 6 McQuillin, Municipal Corporations §§ 24.22, 24.29, 24.30, 24.52 [3d ed 1980 rev]; 20 NY Jur 2d, Constitutional Law, § 217). Thus, in *People ex rel. Wineburgh Adv. Co. v Murphy* (195 NY 126) the court held that an ordinance prohibiting any roof sign on a building at a height of more than nine feet above the roof could not be sustained as reasonably required for public safety. In finding the ordinance unconstitutional the court stated: "An ordinance which purports to legislate for public safety must tend in some appreciable way to that end. Unless there is a substantial connection between the assumed purpose of the ordinance and the end to be accomplished, such ordinance is unenforceable" (*People ex rel. Wineburgh Adv. Co. v Murphy, supra,* p 135). The only New York case we have located where restrictions pertaining to private roads were found to be justified by public safety considerations is *Fieldston Prop. Owners' Assn. v City of New York* (16 NY2d 267). There, an ordinance prohibiting parking on private streets in the City of New York was upheld; clearly such an ordinance which, among other things, would ensure that access by fire and rescue vehicles was not blocked, is reasonably related to safety (*also see generally, City of Seattle v Wright,* 72 Wn 2d 556, 433 P2d 906, upholding an ordinance prohibiting driving while intoxicated on any road, public or private, open to the public). We note that the *Fieldston* court expressly declined to pass on whether the municipality could, under its police power, properly require owners to *permit* parking on private roads.

We are aware of no case considering an ordinance dealing with maintenance of private roads. But we have little doubt that reasonable requirements designed to prevent unsafe conditions on private roads could be upheld under the police power. The precise question here, however, is whether some or all of the "Maintenance Standards" are reasonably necessary to achieve the stated purpose of the ordinance, i.e., to protect the public from "unwarranted dangers and hazards in said roads." In our opinion, at least two of the standards — that the road must be six inches higher in the center than at either of the edges and

that it shall be paved or have a "minimum base of 18" of bank run gravel and a minimum of 6" of crusher run gravel top" — exceed what is necessary. It cannot be said that any private road which is not crowned, is not paved, or does not have an 18-inch gravel base and 6-inch gravel top is hazardous to the traveling public. Less costly dirt or gravel roads which do not meet these requirements may be perfectly safe. Whether having improved private roads of the quality required by the ordinance is a desirable aim is not the question. For the ordinance "Maintenance Standards" to be imposed on a private road owner against his will, it must appear that the standards are reasonably necessary to assure the *public safety*.

We address no question concerning the validity of the criminal sanctions (*see generally, Calderon v City of Buffalo,* 61 AD2d 323, 330-331, *lv denied* 44 NY2d 648; 20 NY Jur 2d, Constitutional Law, §§ 398, 399) nor do we pass on other issues raised. The judgment should be reversed, the counterclaim dismissed and the ordinance declared unconstitutional.

HANCOCK, JR., J. P., DOERR, DENMAN, O'DONNELL and SCHNEPP, JJ., concur.

Judgment unanimously reversed, on the law, with costs, counterclaim dismissed, and ordinance declared unconstitutional, in accordance with Per Curiam opinion.