OPINION OF THE COURT
John A. Milano, J.
Defendant’s motion for an order dismissing the informations filed herein, pursuant to CPL 255.10 and 255.20, is denied in its entirety. The defendant maintains section 10-145 of the Administrative Code of the City of New York, regulating and licensing the operation of tow trucks, is inapplicable to him due to the fact that he is an employee of American Motor Club, Inc., an organization which defendant claims is exempt from this licensing statute.
In support of his motion, defendant submits an affidavit from Nicholas Neu, the president of American Motor Club, *263 Inc. (AMC), in which Mr. Neu states: "A.M.C. does not operate its vehicles for hire as that term is statutorily defined, therefore, A.M.C.’s vehicles are not towing cars within the statutory meaning, and consequently need not be licensed. A.M.C. provides members with various services such as motor guides, emergency road service, etc., in addition to emergency towing service.”
The legislative history preceding the regulation of the tow truck industry is set forth in section 10-145 (a) of the Administrative Code. The statute states in pertinent part: "It is hereby declared and found that the rates and charges imposed for the towing of disabled motor vehicles * * * after having been towed from the place of disablement or accident is a matter affecting the public interest and consequently should be subject to supervision and administrative control, for the purpose of safeguarding the public against fraud, exorbitant rates and similar abuses.” The statute defines "Towing” as "the moving of a disabled motor vehicle by another vehicle for hire” (Administrative Code § 10-145 [b] [1]) and "For Hire” as "any instance where a fee, charge or other consideration is directly or indirectly imposed for towing a vehicle” (Administrative Code § 10-145 [b] [3]).
The AMC membership agreement attached to the moving papers states: "You are covered up to a maximum of $25.00 per road service or towing call. Towing Service: When an automobile cannot be started or driven, it can be towed to destination of your choice by authorized towing service.”
Clearly, the operation of the AMC vehicle by the defendant was within the statutory definition of a towing service for hire. The vehicle is not exempt from the licensing statute due to its owner’s affiliation with an automobile club which provides various services which include towing. The statute is meant to encompass any instance where a fee is charged "directly or indirectly”.
The defendant was operating the vehicle on a public street within the territorial jurisdiction of New York City and is bound by this licensing statute. Compare, Forest Hills Gardens Corp. v Kowler (80 AD2d 630 [1981], affd 55 NY2d 768 [1981]), where plaintiff sought a declaratory judgment exempting the owners of certain tow trucks operating within the private streets of Forest Hills Gardens from the Administrative Code licensing requirement. The Appellate Division granted the declaratory relief on the basis of plaintiffs towing of illegally *264 parked cars from private streets. The statute specifically refers to the towing of disabled vehicles and this self-help remedy to alleviate the parking problem on private streets was permissible.
The facts of Forest Hills Gardens Corp. (supra) differed from this case in that here a private club is soliciting the public for various services which include the towing of disabled vehicles from public streets. The defendant argues he should not be bound by the statute because AMC does not perform repair or charge for towing service. Even though no repairs are made, the agreement specifically requires a membership fee which is indirect consideration for the towing. If these private clubs, which are proliferating in New York City, were allowed to operate without a license, it would controvert the intent and purpose of this statute, and also tend to unfairly and unjustly infringe on the private commercial towing businesses which do comply with the statute and pay the licensing fee.
As to the other arguments advanced by the defendant as to technical defects in the summons, the court has considered same and find them to be without merit.