Requestor: Joyce J. Manch, Esq., Assistant Corporation Counsel City of Buffalo 1100 City Hall 65 Niagara Square Buffalo, N Y 14202-3379
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether a private towing company may refuse to release towed vehicles until towing and storage charges are paid. You state that a local bowling alley has contracted with a private towing company to remove vehicles parked on the bowling alley's property without permission of the owner. The owner has posted conspicuous signs stating that it will have vehicles towed away at the driver's expense if any person who is not a customer of the bowling alley parks on the property. The signs also advise owners whose vehicles are towed to call the towing company for information.
The towing company stores towed vehicles at its premises and requires, as a condition of releasing the vehicle, payment of a $60 towing charge and a $10 per day storage charge. The towing company also immediately notifies the police in the precinct where the property is located that the vehicle has been towed.
You also state that the City of Buffalo Police Department has threatened to arrest the towing company owner for refusing to release towed vehicles until the towing and storage charges are paid. You indicate that the police believe the towing company owner is committing the crime of unauthorized use of a vehicle in the third degree in violation of Penal Law § 165.05.
Private property owners may, in some circumstances, have unauthorized vehicles towed from their property at the owner's expense. 1980 Op Atty Gen (Inf) 176. In Forest Hills Garden Corp. v Kowler, 80 A.D.2d 630 (2d Dept), affd on memorandum below, 55 N.Y.2d 768 (1981), the Court declared that plaintiffs had the right to tow vehicles of nonresidents parked on its streets. The corporation owned a community of about 900 homes. It placed signs throughout the community stating that the streets were private and that unauthorized vehicles would be towed at the owner's expense. A $50 redemption fee was charged for each vehicle. The corporation sought a declaratory judgment stating that it had the right to have the vehicles towed and to levy the $50 fee. The Court concluded that in arranging for towing of unauthorized vehicles the property owner was within its rights but remanded for a determination whether the $50 fee was reasonable. The Court implied that a reasonable fee could be charged for release of towed vehicles. See also, Forest Hills GardenCorp. v Baroth, 147 Misc.2d 404 (Sup Ct Queens Co 1990) (private residential community may, upon adequate notice, "boot" vehicles of nonresidents parked on its streets without authorization; reasonableness of redemption fee to be determined separately).
Under the reasoning of these cases, it appears that the bowling alley owner is entitled to contract with a private towing company for removal of unauthorized vehicles from its property and that the towing company may charge a reasonable fee for release of the vehicles.
Penal Law § 165.05 provides in part:
 "A person is guilty of unauthorized use of a vehicle in the third degree when:
 "1. Knowing that he does not have the consent of the owner, he takes, operates, exercises control over, rides in or otherwise uses a vehicle. A person who engages in any such conduct without the consent of the owner is presumed to know that he does not have such consent; or
 "2. Having custody of a vehicle pursuant to an agreement between himself or another and the owner thereof whereby he or another is to perform for compensation a specific service for the owner involving the maintenance, repair or use of such vehicle, he intentionally uses or operates the same, without the consent of the owner, for his own purposes in a manner constituting a gross deviation from the agreed purpose; or
 "3. Having custody of a vehicle pursuant to an agreement with the owner thereof whereby such vehicle is to be returned to the owner at a specified time, he intentionally retains or withholds possession thereof, without the consent of the owner, for so lengthy a period beyond the specified time as to render such retention or possession a gross deviation from the agreement."
Unauthorized use of a vehicle is more commonly referred to as joy-riding; it involves an intent to "borrow" the vehicle or take it for temporary use. Donnino, Practice Commentary, McKinney's NY Penal Law, pp 222-23. In the situation you describe, the property owner is within its rights in having the towing company remove the vehicle. The towing company has not illegally taken the vehicle. The statute does not apply.
We conclude that a towing company, having legitimately removed an unauthorized vehicle from private property, does not violate Penal Law § 165.05 when it requires payment of towing and storage charges before releasing a vehicle.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.